MARLBORO SUPPLY, INC. *vs.* WEBB SUPPLY COMPANY
& others.

Middlesex.   December 8, 1965. — December 31, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Joint Obligees.   Bills and Notes,* Joint payees.   *Mortgage,* Of real estate:
joint mortgagees.   *Equity Jurisdiction,* Joint obligees.

The provision of G. L. c. 214, § 3 (3), for jurisdiction in equity of "cases
in which three or more parties have distinct rights or interests which
cannot be justly and definitely decided and adjusted in one action at
law," was not affected by the enactment of the provision of c. 106,
§ 3–116 of the Uniform Commercial Code, inserted by St. 1957, c. 765,
§ 1, that "[a]n instrument payable to the order of two or more persons
. . . if not in the alternative is payable to all of them and may be . . .
enforced only by all of them," and a suit in equity lay by one of two
joint payees of a secured promissory note against his co-payee and the
maker to compel the co-payee to join with the plaintiff in enforcing the
note and security.   [45]

One of two joint payees of a secured promissory note dated May 23, 1963,
and payable "on or before October 1, 1963," in a suit in equity com-
menced by him in November, 1963, against his co-payee and the maker,
was entitled to a decree compelling the co-payee to join with the plain-
tiff in enforcing the note and security in accordance with their terms,
where it appeared that the payees, for the purposes of preventing action
by either impairing the security of the other and of permitting the note
to become effective against bankruptcy by the lapse of four months, had
executed an agreement that neither payee would do anything to cause
the maker to be declared a bankrupt "up to and including October 1,
1963."   [45–46]

BILL IN EQUITY filed in the Superior Court on Novem-
ber 27, 1963.

The suit was heard by *Macaulay, J.*

*Charles F. Mahoney* for the plaintiff.

*James W. Luby* (*John P. Garrahan* with him) for Webb
Supply Company.

WILKINS, C.J.   The defendant Peter J. Franchi is the
sole proprietor of a plumbing business in Framingham.
The defendant Mary R. Franchi is his wife.   The plain-
tiff Marlboro Supply, Inc. (Marlboro) and the defendant

Webb Supply Company (Webb) are competing dealers in the plumbing supply business. Each has sold to Franchi and has advanced to him substantial credits. They are Franchi's principal creditors, and are joint owners of two promissory notes of Franchi secured by real estate mortgages and other securities. The bill seeks in effect to compel Webb to join with Marlboro in collecting the notes, and in foreclosing the mortgages and other securities or, in the alternative, to cause partition to be made of the notes, mortgages, and securities with a view of collecting immediately the money Franchi owes Marlboro. In defence Webb asserts that it is better not to force liquidation, but to keep Franchi in business and obtain a larger return later. From a final decree dismissing the bill Marlboro appealed. The judge filed a report of the material facts found by him. The evidence is reported.

On November 22, 1962, Webb received a mortgage on real estate from the Franchis to secure a note of $39,240, the amount of the indebtedness to Webb. The mortgage note was dated January 2, 1962. The mortgage was dated and acknowledged March 23, 1962, but was not recorded until April 13, 1963. Payments reduced the indebtedness to $22,890 as of May 3, 1963.[1] As a result of conferences of Franchi with the two creditors, at which the judge found that all were "represented by very experienced and capable counsel," an agreement was executed under date of June 15, 1963. The note of January 2, 1962, was divided between the two creditors, Webb assigning to Marlboro without recourse an undivided one-half interest in the note and mortgage. The Franchis executed a promissory note bearing date of May 23, 1963, in the amount of $74,285.04 payable "on or before October 1, 1963," with six per cent interest, to the order of Marlboro and Webb. There was also a security agreement recorded on June 20, 1963, in the Framingham town clerk's office. At this time the respective indebtedness of Franchi was $23,944.31 to Marlboro and

---

[1] The note was payable in thirty-six monthly instalments of $1,090 starting February 2, 1962.

$50,340.73 to Webb, a total of $74,285.04. Marlboro and Webb agreed that these amounts were correct, and that "out of each and every dollar or portion thereof that may at any time hereafter be realized as a result of and in payment of the . . . ($74,285.04) note . . . [two-thirds] is to be allocated to and paid to 'Webb' and . . . [one-third] to 'Marlboro'." They also agreed that in making sales to Franchi, they would, so far as practical, endeavor "to keep the same ratio which has heretofore existed, i.e. . . . . 'Webb' selling and supplying approximately twice as much material as . . . 'Marlboro'." In addition the two creditors agreed that neither would do or suffer to be done anything to cause Franchi to be declared a bankrupt either voluntary or involuntary "up to and including October 1, 1963."

Webb relies upon G. L. c. 106, § 3–116, of the Uniform Commercial Code, inserted by St. 1957, c. 765, § 1, which reads: "[a]n instrument payable to the order of two or more persons . . . (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

On the other hand, Marlboro directs attention to G. L. c. 214, § 3, which provides: "The supreme judicial and superior courts shall have original and concurrent jurisdiction in equity of the following cases: . . . (3) Other cases in which three or more parties have distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at law." We are of opinion that this provision is not repealed by implication by that quoted from the Uniform Commercial Code, and that the instant suit lies. See G. L. c. 106, § 1–103, inserted by St. 1957, c. 765, § 1.

The findings of the trial judge seem to us to be open to the fatal objection that they rewrite the agreement. They give no weight to the phrase in the agreement, "up to and including October 1, 1963," or the promised date of payment in the larger note, "on or before October 1, 1963." This language is not ambiguous. No contention is made that it is, and the judge does not so hold. It is conceded

that the writings cannot be varied by parol. The judge was undoubtedly correct in finding, "It was an agreement made by the debtor and the two creditors at arms' length designed to the end that neither creditor would take action in any manner to impair the security of the other," but there was error in not stating that the undertaking was limited to October 1, 1963. The purpose of the agreement must have been to permit the two secured notes to become effective against bankruptcy by the lapse of four months. There is no evidence to warrant the findings that the agreement was to "give the debtor an opportunity to recoup his financial condition for the benefit of his creditors — particularly the two creditors who are parties to this case"; or that after the due date of the secured notes and the time limitation of the agreement the "intent was that they would act jointly and not independently of each other"; or that "[t]he parties could have hardly expected that they would be paid on October 1st from their knowledge of the financial condition of the debtor gained during the conferences that led up to the making of the agreements."

The proper course now to be followed is to order Webb Supply Company to join with Marlboro Supply, Inc. in enforcing the notes and security according to their terms. See *Webster* v. *Vandeventer,* 6 Gray, 428, 432; 30 C. J. S., Equity, § 38, p. 844.

The final decree is reversed and the case is remanded to the Superior Court for further proceedings (including any amendments to the pleadings deemed necessary) not inconsistent with this opinion.

*So ordered.*