**Winniebell FEHLING,
Plaintiff-Appellant,**

v.

**Carl CANTONWINE and Juanita Cantonwine, Defendants-Appellees.**

No. 74–1661.

United States Court of Appeals,
Tenth Circuit.

Argued May 21, 1975.

Decided Sept. 16, 1975.

Alan L. Sulzenfuss, Salida, Colo., for plaintiff-appellant.

Submitted on the briefs by Richard M. Davis, Jr., Sheridan, Wyo., for defendants-appellees.

Before MURRAH, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

Appellant Winniebell Fehling appeals from an order of the United States District Court for the District of Wyoming, dismissing her complaint against appellees Carl and Juanita Cantonwine for lack of jurisdiction.

Appellant is a Colorado resident. Appellees are Wyoming residents. On October 1, 1966, appellees executed five promissory notes, each in the amount of

$3,000, payable on demand "to Frank Fehling and Winniebell Fehling." These notes were executed in Banner, Wyoming. On October 20, 1966, Frank Fehling, appellant's husband, executed a will which provided, *inter alia:*

> I hereby give, devise and bequeath to my nephew, CARL CANTONWINE, his heirs and assigns, of Spotted Horse, Wyoming, if he survives me, the sum of Ten Thousand ($10,000.00) Dollars, and I direct my Executors hereinafter named to forgive any indebtedness which the said, CARL CANTONWINE, and/or his wife may owe me at the time of my death and to fully cancel and satisfy said indebtedness.

Frank Fehling died on January 22, 1968, and his will was admitted to probate in the State of Colorado on May 23, 1968. Appellant, a co-executor of the estate, thereafter became the assignee of the promissory notes in question.

On November 6, 1973, appellant filed a diversity action against appellees' in the United States District Court for the District of Wyoming. The complaint stated that her husband's will forgave all of the appellees' indebtedness to him but claimed that appellant owned one-half of the promissory notes and alleged that appellees had failed to pay the same despite demands. She sought judgment against appellees in the amount of $10,600, representing principal and interest on the notes, and for costs and attorney's fees. The appellees answered and denied that jurisdiction existed. Their answer further alleged, *inter alia,* that any and all indebtedness due by virtue of the notes had been fully forgiven and discharged by Frank Fehling prior to his death or by his will.

On March 7, 1974, appellant filed a motion for judgment on the pleadings. A hearing was held on the motion on March 28, 1974, at which time the appel-

lees moved to file an amended answer denying the existence of jurisdictional amount and appellant moved to amend her complaint to claim ownership of all the promissory notes in question. The trial court granted both motions to amend and took the motion for judgment on the pleadings under advisement. On April 2, 1974, it dismissed the action for lack of jurisdiction.

Thereafter, on April 5, 1974, appellant filed an amended complaint alleging that she was the owner of all of the promissory notes. She requested judgment in the amount of $21,200, representing principal and interest on the notes, together with costs and attorney's fees. The trial court ordered the amended complaint to be stricken.

Appellant, on May 9, 1974, filed another complaint against the appellees in the United States District Court for the District of Wyoming, seeking $21,930, costs and attorney's fees. The appellees successfully moved to dismiss the complaint on the grounds that no jurisdiction existed for lack of the requisite jurisdictional amount.

Appellant first contends that the trial court erred in dismissing her complaint for lack of jurisdictional amount as required by 28 U.S.C. § 1332.[1] Generally speaking, in a diversity case all that is required in the allegations is that the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000. *See, e. g., Lonnquist v. J. C. Penney Co.,* 421 F.2d 597 (10th Cir. 1970); *White v. North Am. Acc. Ins. Co.,* 316 F.2d 5 (10th Cir. 1963); 1 Moore's Federal Practice ¶ 0.92[1] (1974). The test to determine the existence of that amount is not the sum ultimately found to be due, but the sum demanded in good faith. *See, e. g., St. Paul Mercury Indemn. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Gibson v. Jeffers,* 478 F.2d 216 (10th Cir. 1973). Ordering the dismissal of an ac-

---

1. Appellant also contends that appellees' motion to dismiss raised the affirmative defense of release and therefore is not a proper way to procure dismissal for lack of jurisdictional amount. We find no merit in this argument.

The motion was proper. *See, e. g., Colonial Airlines v. Janas,* 202 F.2d 914 (2d Cir. 1953); 2A Moore's Federal Practice ¶ 8[28] and 12.07[2] (1974).

tion must therefore be based upon a legal certainty that the claim is for less than the jurisdictional amount. *Craig v. Champlain Petroleum Co.,* 421 F.2d 236 (10th Cir. 1970); *Farmers Elevator Mut. Ins. Co. v. Jewett,* 394 F.2d 896 (10th Cir. 1968).

 Our examination of the applicable Wyoming law discloses that appellant would not be able to recover the amount claimed and that jurisdiction is, therefore, lacking. An instrument payable to the order of two or more persons, if not in the alternative, may be discharged only by all of them.[2] The notes in issue are payable "to Frank and Winniebell Fehling." However, unless an instrument states that survivorship shall exist among joint payees there is no survivorship and the interest of each passes, on death, as a tenancy in common.[3]

 No right of survivorship is stated on the notes in issue and, although the payees are husband and wife, this is not indicated on the notes. Since nothing appears in the instruments evidencing, or which could be construed as evidencing, an intention to create a survivorship, we must find that appellant and her husband held the notes as tenants in common. Under these circumstances Frank Fehling's interest in the notes, rather than passing automatically to appellant as surviving payee, will be disposed of pursuant to his will, which specifically forgave any indebtedness due him by the appellees. We therefore conclude, as did the trial court,[4] that appel-

lant was the owner of only one-half of the notes in issue, an amount insufficient to meet the jurisdictional requirement of 28 U.S.C. § 1332.

Appellant next contends that the required interpretation and construction of Frank Fehling's will would not deprive the trial court of subject matter jurisdiction under the doctrine set forth in *Sutton v. English,* 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1918). Since jurisdiction would, in any event, still be lacking for failure of the requisite monetary amount, we do not find it necessary to decide this issue.

Affirmed.

---

**2.** Wyo.Stat. § 34–3–116 provides:

An instrument payable to the order of two or more persons

 (a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;

 (b) if not in the alternative is payable to all of them and may be negotiated, discharged and enforced only by all of them.

**3.** *See* Official Comment to U.C.C. § 3–110, which provides in part: "Normally an instrument payable to 'A and B' is intended to be payable to the two parties as tenants in common, and there is no survivorship in the absence of express language to that effect." *See also* 11 Am.Jur.2d Bills and Notes § 117

(1963). Appellant apparently does not dispute the fact that she and her husband held the notes in question as tenants in common. In her August 7, 1974, proposed order denying appellee's motion to dismiss, she stated: "[I]t seems clear that a note payable to A and B under the law of Wyoming . . . is a note to tenants in common . . . .."

**4.** Appellant places significance on the fact that the trial court did not expressly find, to a "legal certainty", that her claim was for less than the jurisdictional amount. We believe that such a finding can be inferred from the opinion which, although not containing the words legal certainty, obviously arrived at that conclusion.