**In re David McMEEKIN and Joan Shoreman, Alleged Debtors.**

Bankruptcy Nos. 81–00625–G, 81–00626–G.

United States Bankruptcy Court, D. Massachusetts.

March 3, 1982.

Paul Greene, Great Barrington, Mass., for Tolvo.

Sidney Q. Curtiss, Great Barrington, Mass., for David McMeekin.

Michael West, Springfield, Mass., for Joan Shoreman.

**MEMORANDUM AND ORDER ON MOTIONS TO ALTER OR AMEND JUDGMENT**

PAUL W. GLENNON, Bankruptcy Judge.

Pursuant to a Memorandum and Order of this Court dated January 27, 1982, the involuntary petitions in bankruptcy filed against the above-named alleged debtors were dismissed. In that decision, the Court concluded that although three "entities" had properly filed the involuntary petition, all three entities were not the "holders of claims" as such, and therefore the petitions were defective.

On motion for rehearing and to alter or amend its earlier judgment, two of the three petitioning creditors were represented by counsel who argued on February 19, 1982 that the court was in error when it held that joint payees on a promissory note made payable to "Robert Tolvo *and* Ruth Tolvo" were not *each* the holder of a claim against the alleged bankrupts. It is their contention that although the joint payees may only be able to enforce their rights as one, they nevertheless each have a severable claim against the debtor. As a basis for that argument, they cite a number of cases where one payee was permitted to singularly enforce his or her right to payment without the other payee(s). The Court has reviewed the matter and is of the opinion that its original decision was correct, and therefore must deny the petitioners' motion.

Initially, let me say that the filing of an involuntary petition is an extreme remedy with serious consequences to the alleged debtor. Like a voluntary petition, the credit world is put on notice that the petition has been filed and that the alleged debtor is under the jurisdiction of the Court. However, unlike the situation surrounding a voluntary petition, an involuntary debtor may have no need of the extreme remedy of bankruptcy, yet he or she may be unwillingly saddled with the harsh effects it may cause, such as the loss of credit-standing,

inability to transfer assets and carry on business affairs, and the public embarrassment, all of which may be associated with the filing of a voluntary petition. For these reasons, an involuntary petition should be scrutinized carefully by the courts so as to avoid injustice. Indeed, it is for just that reason that Congress has long required strict criteria for qualification to file and for allowance of involuntary petitions.

In the case at bar, the Court was faced with two involuntary petitions filed on behalf of the same three individuals, all of whom claimed to be the holder of a claim against each alleged debtor. The Court concluded that two of the individuals in fact held only one claim, albeit a joint one. It was my conclusion that joint "ownership" of a single claim which is not otherwise severable does not entitle both "owners" to qualify as holders of a claim under § 303(b)(1) of the Bankruptcy Code. 11 U.S.C. § 303(b)(1), as amended by Pub.L. 95–598 (1978). As I said in that decision,

> There being only one claim, as such, both entities cannot be the "holder" of the same claim, nor is the claim divisible, for the note does not contain a promise to pay $15,000 to Robert Tolvo and a like promise to pay Ruth Tolvo, but rather, states one promise to pay $15,000 to the both of them. As such, there arises but one "right to payment", and therefore, one claim.

*In re David McMeekin and Joan Shoreman*, 16 B.R. 805 at 809 (Bkrtcy.D.Mass. 1982).

The movants now assert that the Court was in error when it concluded that there was only one right to payment arising out of the note. As authority on the point, movants cite a number of state and federal court decisions which, they argue, stand for the proposition that joint payees may have individual rights to payment which may be enforced without the participation of the other joint payee(s).

The cases cited by movants are inapposite to the case at bar. The Court, in its earlier decision, did not say that Robert and Ruth Tolvo do not each have rights in the note from each alleged debtor. Instead, the Court concluded that joint ownership of a single claim does not make each payee the "holder of a claim". Instead, Robert and Ruth Tolvo together were found to be the holder of a claim. Moreover, those cases which have permitted one joint payee to sever their claim from the other joint payees have done so on facts and equitable grounds which are not apparent in this case.

Finally, in ruling as it did, the Court feels that it is interpreting the statute as Congress would have intended. This Court does not see any intent by Congress to permit joint holders of one claim to disrupt a debtor's business life by placing him or her into involuntary bankruptcy. If the court were to rule otherwise, it would then be possible that three joint payees on a single note, which the alleged debtor had refused to pay because of a dispute over liability, could thrust the debtor into an expensive and time-consuming proceeding, with all the attendant harms mentioned earlier, even though the debtor was otherwise able to pay his debts as they became due. The Bankruptcy Court is not a vehicle for the collection of debts, but rather, is a judicial forum for the equitable division of an insolvent debtor's estate among his creditors.

After hearing the arguments of counsel on re-hearing, I am not persuaded that the Court's decision of January 27, 1982 was in error. Therefore, in the exercise of my discretion in this matter, the Motion to Alter or Amend Judgment is DENIED. So Ordered.