**In re AVERIL, INC., Debtor.**

**Bankruptcy No. 83–01376–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Sept. 7, 1983.

Barry H. Dubner, Miami, Fla., for creditors.

Arnold Schatzman, Coral Gables, Fla., for debtor.

## ORDER ON MOTION TO DISMISS INVOLUNTARY PETITION

THOMAS C. BRITTON, Bankruptcy Judge.

This involuntary petition was filed by a corporation and two individuals. The alleged debtor has moved for dismissal of the petition on the ground that the two individuals "are in fact one creditor for an alleged debt jointly owed them by Averil." The motion further alleges that there exist more than 12 unsecured creditors.

The motion was heard on September 2.

The debtor purchased all the stock of a predecessor corporation from the two individuals with a down payment and promissory notes. One of the two individuals owned 75% of the stock purchased and the other owned the remainder. The two individuals own an undivided interest in the notes in proportion to their former stock interests.

■ Section 303(b)(1) provides that an involuntary case is commenced by the filing of a petition:

"by three or more entities, each of which is either a *holder of a claim* ... or an indenture trustee representing such a holder...."

A "claim" is defined by § 101(4) as either a "right to payment" or a "right to an equitable remedy". The issue, therefore, is whether a joint obligation, such as this one, constitutes two claims or merely one because "each" creditor must hold "a claim".

In Florida, at least, the U.C.C. § 3–116 provides that:

"An instrument payable to the order of two or more persons ... (b) if not in the alternative is payable to all of them, and may be negotiated, discharged or enforced only by all of them."

I conclude that this joint obligation constitutes a single claim and that the joint holders of this obligation constitute a single creditor for the purposes of § 303(b)(1). *In re McMeekin,* 16 B.R. 805 (Bkrtcy.D.Mass. 1982).

■ Although the provisions of the statute examined in light of local law suggest the foregoing conclusion, I am more persuaded by the following consideration. If we adopt the conclusion urged by the petitioners, the statutory scheme provided by § 303 would be defeated. The evident purpose in requiring at least three creditors with three claims (unless the debtor has less than a dozen creditors) is to require at least some joint effort to launch an involuntary proceeding. If the co-owners of a single obligation qualify as separate claimants for this purpose, that legislative purpose would be frustrated. For this reason also, I hold that the holders of a joint obligation constitute a single creditor for the purposes of § 303(b)(1). *In re McMeekin,* 18 B.R. 177 (Bkrtcy.D.Mass.1982).

B.R. 1003(d) would appear to be applicable in this instance. The alleged debtor shall file with this court within 10 days a list of all creditors with their addresses, a brief statement of the nature of their claims (whether secured or unsecured), and the amounts thereof. If, as the debtor contends, it appears that there are twelve or more creditors as provided in § 303(b), those creditors are afforded an additional 10 days from the date the debtor files the foregoing list with the clerk to join in the involuntary petition presently pending.

A hearing will be held on October 6, 1983, 9:30 a.m. in Courtroom 1406, 51 S.W. 1 Avenue, Miami, Florida, upon this involuntary petition. The petition will be heard and decided on that date unless it shall then be determined that the requisite number of

petitioners have failed to join in the petition.

The alleged debtor is directed to serve a copy of any list it files with counsel for the petitioning creditors and counsel for the petitioning creditors is directed to furnish a copy of this order to each creditor so listed by the debtor.

DONE and ORDERED at Miami, Florida, this 7th day of September, 1983.