**In re T.P. HERNDON AND COMPANY, Debtor.**

**Bankruptcy No. 88–492–BKC–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 28, 1988.

Jerry A. Funk, Jacksonville, Fla., for debtor.

Ronald Bergwerk, Jacksonville, Fla., for petitioners.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This involuntary case is before the Court upon a petition filed by Eugene P. Herndon, Reba J. Barr and John T. Herndon seeking an order for relief pursuant to 11 U.S.C. § 303 against T.P. Herndon and Company, Inc. ("Debtor"). The petitioners submit that the debtor is generally not paying its debts as they become due.

The debtor denies the allegations of the petition and argues that the petitioning creditors do not qualify as three separate entities for purposes of § 303(b) and that they do not have an aggregate unsecured claim greater than $5,000.00.

A trial of these issues was held on May 19, 1988, at the conclusion of which the Court determined that the debtor was generally not paying its debts as they became due. The Court reserved judgment on the remaining issues and instructed counsel for both parties to submit written memoranda of law and proposed findings. Upon consideration of the evidence and argument so presented, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. T.P. Herndon and Company, Inc., the debtor, has been engaged in the business of selling gasoline service station equipment for over forty years. Additionally, the debtor installs canopies for gas stations and convenience store operations.

2. On January 2, 1969, the corporation entered into a purchase and sale agreement with its stockholders in which it agreed to purchase the stock of a deceased shareholder from the shareholder's estate. The agreement provided that part of the purchase price was to be paid from insurance

proceeds with the remainder evidenced by a promissory note payable to the estate of the decedent at the rate of $300.00 per month, with interest at four percent (4%) per annum.

3. At the time of the execution of the agreement, the principal stockholder was T.P. Herndon. He died in March, 1977.

4. On June 22, 1977, the corporation executed a promissory note payable to the Estate of T.P. Herndon for $72,574.90, at the rate of $300.00 per month. The promissory note was secured by the stock of T.P. Herndon, which is still being held in escrow as security for the payment of the note.

5. On March 3, 1980, the personal representatives of the estate of T.P. Herndon assigned undivided interests in the note to the heirs. Pursuant to this assignment the petitioning creditors received interests in the note as follows: Eugene P. Herndon an undivided twenty percent (20%) interest, Reba J. Barr an undivided ten percent (10%), and John P. Herndon an undivided five percent (5%). The remaining interests in the note were assigned to the other heirs and beneficiaries of the estate.

6. The debtor's business developed financial problems approximately two years ago. As a result, the company was forced to terminate its sale and installation of gas pumps and gas tanks and now concentrates on the sale and installation of canopies, the only profitable part of the business.

7. At trial of the involuntary petition, Walter Strickland, the president and principal stockholder of the debtor since 1959, testified that the total liabilities of the company, including the entire indebtedness to the estate of T.P. Herndon, are $446,988.00. The total assets of the company have a value of between $472,900.00 (which reflects present book value) and $1,000,000.00. Nevertheless, the debtor has had a severe cash flow problem and is unable to pay its debts generally as they become due.

8. The note to the estate of T.P. Herndon is not in default and has an approximate remaining balance of $23,000.00.

9. The debtor has more than twelve creditors holding uncontested and non-disputed claims and is not generally paying its debts as they come due.

## CONCLUSIONS OF LAW

1. Section 303(b) provides that when a debtor has more than 12 creditors, an involuntary case may be commenced by the filing of a petition with the bankruptcy court,

> (1) by three or more entities, each of which is ... a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute ... if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims....

2. The debtor in the instant case has contested the involuntary petition by arguing that the petitioning creditors do not qualify as three distinct entities under § 303(b)(1) because they do not each hold separate claims against the debtor. Debtor maintains that the promissory note was made payable to a single entity, the Estate of T.P. Herndon, and that all of the beneficiaries received an undivided interest in the note. Thus, the debtor argues, all of the beneficiaries stepped into the shoes of the estate and, therefore, have only one right to payment.

3. Section 303(b) requires that there be at least three entities and that each hold a claim which is not contingent as to liability. A "claim" is defined in § 101(4) as a "right to payment" or "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment."

4. Generally, the courts have held that joint holders of an obligation constitute a single creditor for purposes of § 303(b). *In re Averil, Inc.*, 33 B.R. 562 (Bkrptcy.S. D.Fla.1983); *In re McMeekin*, 16 B.R. 805, (Bkrptcy.D.Mass.1982).

5. In order to ensure a joint effort in launching an involuntary proceeding, Congress has decreed that there must be three creditors with three separate claims joining in the petition before an order of relief may be entered. 11 U.S.C. § 303. This objective would be frustrated if the co-owners of a single obligation could qualify as sepa-

rate claimants for this purpose. *In re Averil, Inc.*, at 563.

6. In the instant action, the Court finds that because the promissory note was made payable to a single entity, the petitioning creditors hold a single right to payment, which constitutes one "claim" for purposes of § 303(b)(1). Accordingly, the petition filed by Eugene P. Herndon, Reba J. Barr and John T. Herndon lacks the required number of petitioning creditors.

7. A separate requirement of § 303 dictates that the claims of petitioning creditors must aggregate at least $5,000.00 over the value of any lien on property of the debtor securing such claims. In the instant case, the claim of the petitioning creditors is fully secured by stock of the debtor corporation. However, the petitioning creditors have failed to establish the value of the stock and, hence, the value of their unsecured claim cannot be fully valued. The Court concludes, therefore, that the involuntary petition fails on this ground also.

8. The Court will enter a separate order dismissing the involuntary petition in accordance with these findings. Jurisdiction is retained for purposes of dealing with any motions filed pursuant to 11 U.S.C. § 303(i).