NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: RICHARD L. PRIDDIS, <br><br> Debtor, <br> _____ <br><br> SONY MUSIC PUBLISHING (US) LLC, FKA Sony/ATV Music Publishing LLC, a Delaware limited liability company; COLGEMS-EMI MUSIC, INC., a Delaware corporation; COMBINE MUSIC CORPORATION, a Delaware corporation; EMI APRIL MUSIC, INC., a Connecticut corporation; EMI BLACKWOOD MUSIC, INC., a Connecticut corporation; EMI FEIST CATALOG, INC., a New York corporation; EMI ROBBINS CATALOG, INC., a New York corporation; EMI CONSORTIUM SONGS, INC., a New York corporation; EMI MILLER CATALOG, INC., a New York corporation; EMI U CATALOG, INC., a New York corporation; EMI UNART CATALOG, INC., a New York corporation; JOBETTE MUSIC COMPANY, INC., a Michigan corporation; SCREEN GEMS-EMI MUSIC, INC., a Delaware corporation; STONE DIAMOND MUSIC CORPORATION, a Michigan corporation, <br><br> Appellants, | No. 22-15457 <br><br> D.C. No. 2:21-cv-01053-JJT <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

RICHARD L. PRIDDIS,

          Appellee.

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted December 7, 2022
Phoenix, Arizona

Before: WARDLAW and BUMATAY, Circuit Judges, and ZOUHARY,** District Judge.
Dissent by Judge ZOUHARY.

Sony Music Publishing (US) LLC and 13 other music publishers (collectively, Sony or Petitioning Creditors) appeal the bankruptcy court's grant of summary judgment in favor of debtor Richard L. Priddis. Sony filed a petition for involuntary bankruptcy against Priddis to collect a $3 million judgment entered pursuant to a settlement agreement. The bankruptcy court dismissed the case on the grounds that the Petitioning Creditors failed to satisfy the numerosity requirement for involuntary petitions prescribed by 11 U.S.C. § 303(b). The district court affirmed.

A bankruptcy court's decision to grant summary judgment is reviewed de

---

      ** The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

novo. *In re Lane*, 959 F.3d 1226, 1229 (9th Cir. 2020).[1] In the context of bankruptcy appeals, de novo review means "applying the same standards applied by the district court, without deference to the district court." *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 890 F.3d 1188, 1191 (2018) (citation omitted). Exercising jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, we reverse.

The district court erred in holding that Sony failed to satisfy the numerosity requirement. Section 303(b)(1) provides that, where a putative debtor has 12 or more creditors, involuntary bankruptcy proceedings may be initiated against a debtor only by three or more creditors each holding "noncontingent, undisputed claims" in the amount of at least $16,750.[2] *See* 11 U.S.C. § 303(b)(1). Because the parties do not dispute that Priddis has 12 or more creditors, the only question is whether three or more of those creditors hold separate claims.

Here, each of the 14 Petitioning Creditors has a claim to the $3 million judgment, and therefore the Creditors satisfy the numerosity requirement. A claim is a "right to payment, whether or not such a right is reduced to judgment." 11

---

[1] The district court improperly applied the clearly erroneous standard to its review of the bankruptcy court's grant of summary judgment. However, because we conduct an independent de novo review, this error does not affect our analysis.

[2] The per claim dollar amount is adjusted by the Judicial Conference of the United States every three years. During 2020, the year this involuntary petition was filed, the adjusted dollar amount for § 303(b)(1) was $16,750. *See* Judicial Conference of the United States, *Revision of Certain Dollar Amounts in the Bankruptcy Code Prescribed Under Section 104(a) of the Code*, 84 F.R. 3488 (2019).

U.S.C. § 101(5)(A).  Thus, under the text of § 303(b) and § 101(5), the Petitioning Creditors have "noncontingent, undisputed claims" because the $3 million amount is not in dispute, and, as counsel for Priddis admitted at oral argument, they each have a "right to payment" of some portion of the judgment.

Moreover, their right to payment is individually enforceable because the judgement is "easily divisible," *Richard A. Turner Co., Inc.*, 209 B.R. 177, 179 (Bankr. D. Mass. 1997), and the allocated portion is "traceable to each creditor." *Huszti v. Huszti*, 451 B.R. 717, 722 (E.D. Mich. 2011).  Because merger into a judgment does not alter debt obligations, *Boynton v. Ball*, 121 U.S. 457, 466 (1887), the court may "look[ ] behind the judgment to determine the nature of the debt." *Turner*, 209 B.R. at 180.  The music publishers' complaint in the underlying suit contains a detailed list of each Petitioning Creditor's ownership interests in the copyrights Priddis infringed.  The $3 million judgment can be readily divided according to those established interests, as shown in Section 13 of the petition for involuntary bankruptcy. *See In re Mid-America Indus., Inc.*, 236 B.R. 640, 645 (Bankr. N.D. Ill. 1999) (finding that shares of a judgment were separate claims based off interests alleged in a complaint).

Priddis and the dissent argue that this is not the kind of divisibility the courts are looking for because this sharing arrangement is not necessarily tied to the Petitioning Creditors' original claims in the underlying lawsuit.  Diss. 3.  Priddis

4

further contends that the absence of a formal agreement of the distribution in writing inhibits the judgment from being reliably divisible. We disagree. The proposed division reflects the Petitioning Creditors' original claims because they stipulated to statutory damages in the underlying suit. Under the Copyright Act, when a copyright owner elects statutory damages for infringement, they receive a fixed amount according to their ownership interests "for all infringements involved in the action." 17 U.S.C. § 504(c)(1). The distribution of the judgment here operates the same way it would have for any judgment in the original action: Each Petitioning Creditor is entitled to a portion of the judgment based on its ownership interests, and only that portion. *See Manno v. Tenn. Produc. Ctr., Inc.*, 657 F. Supp. 2d 425, 433 (S.D.N.Y. 2009). And because a copyright owner is only entitled to recover up to the amount owed, *see id.*, a written agreement is not required to make the judgment readily divisible.

The bankruptcy court's hypothetical also does not prove Sony failed to satisfy the numerosity requirement. The bankruptcy court hypothesized that if Priddis were to make a payment to one of the 14 Petitioning Creditors, the judgment would not indicate how the payment should be allocated. But even if—as the dissent emphasizes—the judgment is silent as to the apportionment, Diss. 4, the list of copyright interests attached to the complaint makes clear what each individual Creditor is owed in total. Moreover, Sony has clarified—in its brief and

5

at oral argument—that a single Petitioner would have the absolute right to collect its proper share of damages.  Because a "right to payment" means "nothing more nor less than an enforceable obligation," *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (citation omitted), an absolute right to collect indicates each Petitioning Creditor has an individual claim.

**REVERSED AND REMANDED.**

FILED

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Sony Music Publishing (US) LLC, et al. v. Priddis*, No. 22-15457

**ZOUHARY, District Judge, dissenting:**

In 2016, 21 music publishers sued Priddis for copyright infringement. The parties signed a settlement agreement, which "provided that: (1) [Priddis] would execute and abide by licensing agreements moving forward; (2) [Priddis] would pay $400,000 to plaintiffs' counsel, a single payee; (3) if [Priddis] failed to make the payments, the plaintiffs could refile the lawsuit; and (4) in the refiled lawsuit, the plaintiffs could seek a judgment of $3,000,000."

Priddis defaulted. Fourteen of the publishers (collectively, "Petitioning Creditors") sued and submitted the stipulated Judgment, which read: "Pursuant to the Agreement of the parties . . . judgment is hereby entered in favor of the Plaintiffs and against [Priddis] herein, for willful copyright infringement, in the amount of $3,000,000."

Petitioning Creditors then moved to subject Priddis to an involuntary Chapter 7 bankruptcy. Priddis moved for summary judgment based on Section 303(b) of the Bankruptcy Code, which provides that involuntary bankruptcy proceedings may only be initiated by three or more entities, each holding unsecured, noncontingent claims of at least $16,750. The bankruptcy court granted the motion, holding that the stipulated Judgment constituted a single, joint claim. Petitioning Creditors

appealed to the district court, and the district court similarly found they failed to meet the numerosity requirement.

Under Section 303(b)(1), an involuntary petition must be filed "by three or more entities, each of which is . . . a holder of a claim against [a debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount." A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A). The purpose of requiring at least three creditors holding noncontingent claims "is to necessitate some joint effort between creditors." *Huszti v. Huszti*, 451 B.R. 717, 719 (E.D. Mich. 2011) (quoting *In re Iowa Coal Mining Co., Inc.*, 242 B.R. 661, 670 (Bankr. S.D. Iowa 1999)). "[I]t is for just that reason that Congress has long required strict criteria for qualification to file and for allowance of involuntary petitions." *Id.* (quoting *In re McMeekin*, 18 B.R. 177, 178 (Bankr. D. Mass. 1982)).

As the majority sets forth, the sole question in this case is whether Petitioning Creditors retained individual claims against Priddis after entering the settlement agreement. On appeal, Petitioning Creditors assert the district court erred in finding the stipulated Judgment merged their claims into a single, conjunctive claim. Their reasoning is simple: each of them retained an individual "right to payment" under 11 U.S.C. § 101(5)(A) and the Judgment is "easily divisible" under copyright law. I disagree -- for the following two reasons.

2

First, because the settlement amount "bears no obvious relationship to the separate claims," *Huszti*, 451 B.R. at 722, the district court correctly held that the stipulated Judgment merged the Petitioning Creditors' claims. The majority relies on *In re Richard A Turner Co., Inc.*, 209 B.R. 177 (Bankr. D. Mass. 1997) and *In re Mid-America Indus., Inc.*, 236 B.R. 640 (Bankr. N.D. Ill. 1999) for the proposition that the merger of several claims into a judgment does not necessarily extinguish the individual rights of each creditor. Agreed, but the facts of those cases were different from this case. Each creditor, in a single judgment, had an award in a specified amount. There were no settlement agreements, and the judgments were entered in the full amount of the identified claims. Because there was no question as to the number of creditors or the amount of their individual claims, the merger into a single judgment had no effect on the underlying debt. Something we do not have. Here, the $3 million agreed-upon Judgment -- derived from the settlement agreement -- bears no relation to the actual or statutory damages stemming from the copyright violations.

Second, nothing in the judgment indicates how the money is to be split -- meaning it is not "easily divisible." *See Turner*, 209 B.R. at 179. Petitioning Creditors' argument, at bottom, is that copyright law mandates the $3 million be split up according to the proportion of each creditors' claims. But the $3 million figure is not representative of the statutory damages of neither the 21 publishers in

3

the initial suit nor the 14 Petitioning Creditors that initiated the involuntary bankruptcy petition. Moreover, nothing in the Judgment indicates how the $3 million should be apportioned among them. For instance, the Judgment could have outlined that "each party retains the rights to its individual claims for damages in the amount of their pro rata share of this Judgment, based on the statutory damages for each violation." Instead, the judgment was silent.

If the Petitioning Creditors wished to reserve their individual rights to payment, they could have easily done so by utilizing additional language in the settlement agreement. They failed to do so. Retaining those rights to payment was the duty of counsel in the initial suit -- not the district court, and certainly not this panel.

Because the requirements of Section 303(b) are not met, I respectfully dissent.