**In re Robert GILBERT, Debtor.**

**Bankruptcy No. 89 B 20908.**

United States Bankruptcy Court, S.D. New York.

June 19, 1990.

Steven Gaines, Gaines and Kellman, White Plains, for debtor.

Robert G. Cucinell, White Plains, for The Bank of New York.

## DECISION ON MOTION FOR AN ORDER RESTORING INVOLUNTARY PETITION TO CALENDAR

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Bank of New York ("the Bank"), a banking corporation organized under the laws of the State of New York, is a peti-

tioning creditor in each of the three separate involuntary Chapter 7 cases which were filed against the three above-captioned debtors, American Executive Limousine Service, Inc. ("Limousine"), its president and sole shareholder, Robert Gilbert and his wife, Mary Gilbert. The bank seeks to vacate this court's order dismissing the three involuntary petitions on the return date for the hearing on the three involuntary petitions, scheduled for January 17, 1990. The three petitions were dismissed because the bank, as the petitioning creditor in each case, failed to appear in court.

### FINDINGS OF FACT

1. On December 5, 1989, the bank filed three involuntary petitions under Chapter 7 of the Bankruptcy Code against the debtors, Robert Gilbert, his wife, Mary Gilbert and his corporation, Limousine.

2. The bank is the successor in interest to three separate prepetition creditors of each of the three debtors, namely, Scarsdale National Bank and Trust Company, the Bank of Babylon, and the Nanuet National Bank.

3. On December 28, 1989, this court mailed a notice dated December 28, 1989 to Robert G. Cucinell, Esq., the attorney of record for the petitioning creditor, to each of the three debtors and to the United States Trustee. The notice stated that a hearing was scheduled in this court on January 17, 1990, to determine the issues raised by the filing of each of the three involuntary petitions in bankruptcy and the responses thereto filed by the debtors on December 27, 1989.

4. The Answers filed in this court by the debtors on December 27, 1989 stated that they each had more than twelve creditors and that the petitions filed solely by the bank against each of the debtors should be dismissed.

5. The deputy clerk of this court affixed to the Notice dated December 28, 1989, a certificate of mailing, certifying that on December 28, 1989, copies of the notice of hearing scheduled on January 17, 1990, were mailed to the attorney for the peti-

tioning creditor, the debtors and the U.S. trustee.

6. The petitioning creditor did not appear at the hearing scheduled for January 17, 1990, with the result that an order was entered with respect to each of the involuntary petitions on January 19, 1990 dismissing them pursuant to 11 U.S.C. § 1112(b).

7. Thereafter, the bank, as the petitioning creditor in each of the involuntary Chapter 7 cases brought on a motion to vacate the orders of dismissal on the ground that the petitioning creditor never received notice that a hearing was scheduled on January 17, 1990 with respect to the three involuntary petitions. This court then set the matter down for a hearing to determine if the petitioning creditor failed to receive the notice of the January 17, 1990 return date with respect to the debtors' Answers to the involuntary Chapter 7 petitions.

8. At the hearing held with regard to the argument that the bank, as the petitioning creditor in the three involuntary Chapter 7 cases, did not receive notice of the return date for the issues raised by the debtors' Answers, counsel for the bank called their office secretary who testified that she maintained a log of all correspondence mailed to their office.

9. The witness introduced into evidence their correspondence log which reflects that on December 29, 1989, the day after the deputy clerk of this court certified that she mailed a copy of the Notice to the petitioning creditor's attorney, the debtors and the U.S. trustee, the attorney for the petitioning creditor received a letter from this court described as: "letter re filing date—All Things Comp.".

10. All Things Computer, Inc., is a Chapter 11 case which was filed with this court on May 17, 1985, bearing file number 85 B 20241. The Scarsdale National Bank and Trust Company, which was the predecessor entity to the Bank of New York, the petitioning creditor in the three instant involuntary Chapter 7 cases, was a creditor of All Things Computer, Inc. Robert G. Cucinell, Esq., the attorney for the petition-

ing creditor, Bank of New York, filed an appearance on behalf of The Scarsdale National Bank and, accordingly, received all notices to creditors of All Things Computer, Inc.

11. The last notice that was mailed by this court to creditors of All Things Computer, Inc. occurred on December 31, 1986, when a copy of this court's order of confirmation with respect to All Things Computer, Inc. was mailed to creditors. The notice of filing with respect to the Chapter 11 petition filed by All Things Computer, Inc. was mailed to creditors and the U.S. trustee on June 3, 1985. Hence, no notices were issued to creditors of All Things Computer, Inc. by this court in December of 1989. Therefore, the correspondence from this court which the petitioning creditor in the instant three involuntary Chapter 7 cases received and entered in the log of correspondence for December 29, 1989 did not pertain to All Things Computer Inc.

12. Evidently the secretary in the office of the attorney for the petitioning creditor received a copy of this court's notice which was mailed to the petitioning creditor's attorney on December 28, 1989 with respect to the hearing scheduled for January 17, 1990 regarding the issues raised by the debtors' Answers to the involuntary Chapter 7 petitions and inadvertently entered it in the correspondence log as pertaining to All Things Computer, Inc., a case which had been a current matter in that attorney's office until it was confirmed in 1986. The secretary could not have received a notice on December 29, 1989 with respect to All Things Computer, Inc. because no such notice was ever mailed by this court in December of 1989, or for that matter since the issuance of the notice of the confirmation of the Chapter 11 plan, dated December 31, 1986.

13. It is apparent that the attorney for the petitioning creditor received on December 29, 1989 the notice which this court mailed on December 28, 1989 with respect to the hearing scheduled for January 17, 1990 regarding the issues raised by the debtors' Answers to the three involuntary Chapter 7 petitions filed by the bank. The attorney for the petitioning creditor defaulted in appearing at the hearing on January 17, 1990 due to no fault on the part of the clerk's office of the court nor to any action or inaction on the part of the debtors, who did appear and successfully obtain an order of this court dated January 19, 1990, which dismissed the three involuntary Chapter 7 petitions.

14. Even if this court were to vacate the order of dismissal, the claims of the Scarsdale National Bank and Trust Company, the Nanuet National Bank, and the Bank of Babylon could not be counted separately and apart from the prepetition claim of the Bank of New York, so as to constitute three separate petitioning creditors. Having acquired the interests of the three predecessor banking entities against the three debtors, the Bank of New York does not overcome the numerosity requirement because the Bank of New York may be counted as only one creditor holding three claims, and not three separate petitioning creditors for purposes of 11 U.S.C. § 303(b)(1).

## DISCUSSION

■ Bankruptcy Rule 9006(e) provides that notice by mail is complete on mailing. The deputy clerk in this case certified that on December 28, 1989 she mailed to the petitioning creditor's attorney, a properly addressed notice scheduling a hearing for January 17, 1990 with respect to the issues raised by the debtors in opposition to the three involuntary Chapter 7 cases against them which the bank filed with this court. The letter which was properly addressed to the bank's attorney was never returned to the Clerk's office as not having been received by him. When a notice which is properly addressed and stamped is mailed, there is a rebuttable presumption that the addressee received it. *See Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459 (7th Cir.1988); *In re American Properties, Inc.*, 30 B.R. 239, 244 (Bankr.D.Kan.1983). The attorney for the petitioning creditor did not rebut this presumption. Indeed,

the evidence reveals that on December 29, 1989, the day after the notice was mailed, the attorney for the petitioning creditors received a letter from this court, which was apparently mislabeled in his correspondence log as relating to the filing date of another case in this court which had been filed more than four years earlier. In view of the fact that this court did not mail any notice to the petitioning creditor's attorney in December of 1989 with respect to the mislabeled case, it follows that the attorney for the petitioning creditor received the notice of hearing on December 29, 1989 regarding the debtors' Answers in the three involuntary Chapter 7 cases, but failed to attend the scheduled hearing through inadvertence in the handling of his mail.

■ Even if this court were inclined to vacate the dismissal of the bank's three involuntary Chapter 7 petitions against Robert Gilbert, his wife, Mary Gilbert, and his corporation, Executive Limousine Service, Inc., the involuntary petitions would not satisfy 11 U.S.C. § 303(b)(1) because the debtors each have more than twelve creditors and the involuntary petitions must have been filed by three or more petitioning creditors with respect to each debtor. Two additional creditors holding unsecured claims that are not contingent may have joined the petitioning creditor in each case to prevent a dismissal only "before the case is dismissed." 11 U.S.C. § 303(c). In the instant case, the three involuntary Chapter 7 petitions were dismissed. Therefore, it is now too late to correct the improperly filed petitions.

The petitioning creditor argues that the petitions could be treated as reflecting three petitioning creditors because the Bank of New York is the successor to the Scarsdale National Bank and Trust Company, the Nanuet National Bank and the Bank of Babylon. Therefore, the Bank of New York reasons that it represents three bank entities which held claims against each of the three debtors and that it should be regarded as three eligible petitioning creditors for the purpose of satisfying the requirement for three petitioning creditors when a debtor has more than twelve creditors.

The courts have historically supported the concept that one creditor cannot create additional creditors by treating separate claims as separate creditors. In *In re Frank*, 9 F. 704 (N.D.N.Y.1871), the court held that under the Bankruptcy Act of 1867, a creditor who purchased claims both before and after proofs of claims were filed had only one vote for an "assignee" (the forerunner to the present day trustee in bankruptcy). In *In re Columbia Iron Works*, 142 F. 234 (E.D.Mich.1904), it was held that in voting for a trustee, a creditor with multiple assigned claims had only one vote. In *In re E.T. Kenny Co.*, 136 F. 451 (D.Ind.1905), a committee which held the claims of numerous creditors as trustee, was permitted only one vote for a trustee. Similarly, in *In re Latham Lithographic Corp.*, 107 F.2d 749 (2d Cir.1939), the court permitted only one vote for a bankruptcy trustee where three holders of chattel mortgages consolidated their debt and made one of them their trustee. The trustee merely had one vote. The court also ruled that additional creditors could not be created by making a partial assignment of a single claim.

More recently, in *In re Averil, Inc.*, 33 B.R. 562 (Bankr.S.D.Fla.1983), an involuntary Chapter 7 petition was filed by a corporation and two individuals, the debtor successfully moved to dismiss the petition on the ground that the two individuals were in fact one creditor. The debtor had purchased all the stock of a predecessor corporation from the two individual shareholders. The court held that the joint holders of this obligation constituted a single creditor for the purpose of 11 U.S.C. § 303(b)(1). In the instant case the Bank of New York had acquired the interests of three separate banking entities against the three debtors in these cases before the involuntary Chapter 7 petitions were filed against the debtors. Hence, the Bank of New York constituted one creditor holding three separate claims against each of the three debtors. The former separate banking entities do not exist and have no separate organizational structures. The three

former banks speak with one voice and the consolidated petitioning creditor must be regarded as one creditor for the numerosity requirements of 11 U.S.C. § 303(b)(1).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A).

2. The bank's motion to vacate the dismissal of the three separate involuntary petitions which it filed against the three debtors in these three cases is denied because the attorney for the bank appropriately received notice by mail of the hearing scheduled for January 17, 1990 with respect to the debtors' Answers to the involuntary Chapter 7 petitions and failed to establish a justifiable reason for his default in appearing at the hearing.

3. Even if this court were to vacate the dismissal of the involuntary petitions, it is now too late to seek the additional eligible creditors required to join in the petitions in light of the fact that the debtors each have more than twelve creditors.

4. The petitioning creditor, as the holder of the claims of three predecessor banking entities, may count as only one petitioning creditor for the purpose of 11 U.S.C. § 303(b)(1).

5. The bank's motion to vacate the orders dismissing the three separate involuntary Chapter 7 petitions which it filed against the three debtors is denied.

SETTLE ORDER on notice.