107 F.3d 730
 37 Collier Bankr.Cas.2d 795, 30 Bankr.Ct.Dec. 555,
Bankr. L. Rep. P 77,280,
97 Cal. Daily Op. Serv. 1183,
97 Daily Journal D.A.R. 1785
 In re FEDERATED GROUP, INC., a Delaware corporation, Debtor.
Nathaniel I. GREY; Lana L. Grey; Bernard A. Heerey; Jay
Pine; Harlene Pine, Creditors-Appellants,
v.
FEDERATED GROUP, INC., Debtor-Appellee.
 No. 95-16556.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Decided Feb. 20, 1997.
 
 Bennett G. Young, LeBoeuf, Lamb, Greene & McRae, San Francisco, CA, for the creditors-appellants.
 Adron Beene, San Jose, CA, for the debtor-appellee.
 Appeal from the United States District Court for the Northern District of California, William H. Orrick, Jr., District Judge, Presiding. D.C. No. CV-95-00021-WHO.
 Before: FLETCHER, WIGGINS, and T.G. NELSON, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 
 1
 We must decide whether the joinder of an indenture trustee to an involuntary bankruptcy petition extinguishes the claims of the underlying debenture holders for purposes of satisfying the three petitioning creditor requirement of 11 U.S.C. § 303(b). Because we conclude that it does not, we reverse.
 
 BACKGROUND
 
 2
 The Federated Group, Inc. issued convertible subordinated debentures due in the year 2019. Bank of America is the indenture trustee for these debentures. The appellants own Federated debentures. Nathaniel Grey owns ten debentures he purchased in September 1989. Bernard Heerey owns 100 debentures he purchased in January 1990. Lana Grey (Nathaniel's wife) owns two debentures she purchased in February 1990. Finally, Harlene and Jay Pine own two debentures they purchased from Nathaniel Grey acting as trustee for a Grey family trust in February 1991.
 
 
 3
 On January 23, 1992, Nathaniel Grey, Heerey, and the Pines filed an involuntary bankruptcy petition against Federated. Lana Grey joined the petition on March 23, 1992. On July 29, 1994, after various proceedings not relevant to this appeal, the bankruptcy court issued a decision on Federated's motion to dismiss. The bankruptcy court concluded that neither the Pines nor Lana Grey were qualifying petitioning creditors under section 303(b) of the Bankruptcy Code. The bankruptcy court concluded that the Pines had acquired the debentures for the improper purpose of commencing an involuntary petition against Federated. The bankruptcy court also concluded that Lana Grey was the "alter ego" of her husband Nathaniel Grey, relying on evidence showing that she owned the debentures in name only.
 
 
 4
 Accordingly, because it concluded that Nathaniel Grey and Heerey were the only qualifying petitioning creditors, the bankruptcy court concluded that the petition was not filed by three qualifying creditors as required by section 303(b). As a result, the bankruptcy court held that the petition should be dismissed. In a written ruling filed on September 27, 1994, the bankruptcy judge directed Federated to lodge a proposed form of judgment dismissing the involuntary petition within fifteen days.
 
 
 5
 On October 4, 1994--before the proposed judgment had been entered--Bank of America filed a joinder to the appellants' involuntary petition as indenture trustee of the Federated debentures. The bankruptcy judge nevertheless signed the judgment dismissing the involuntary petition on October 14, 1994.
 
 
 6
 The appellants appealed to the district court. The district court affirmed, concluding that the indenture trustee could not be the third qualifying petitioner under Section 303(b) because "there is no separate right to payment for Grey and Heerey once the Indenture Trustee steps forward." The district court extended this reasoning to Lana Grey as well, concluding that even if the bankruptcy court had erred in concluding that she was the "alter ego" of her husband, her claim was also extinguished by the indenture trustee's joinder. As a result, the district court did not review the alter ego issue. Furthermore, the district court ruled that the bankruptcy court did not err by failing to require Federated to file a list of all of its creditors under Bankruptcy Rule 1003(b).DISCUSSION
 
 
 7
 We independently review the bankruptcy court's decision without deference to the district court's conclusions, applying the same standard of review as the district court. In re Sternberg, 85 F.3d 1400, 1404 (9th Cir.1996). We review the bankruptcy court's interpretation of the Bankruptcy Code de novo. In re Harrell, 73 F.3d 218, 219 (9th Cir.1996).
 
 
 8
 After the bankruptcy court ruled that Lana Grey and the Pines were not qualifying creditors but before the bankruptcy court dismissed the petition, Bank of America filed a joinder. A party may join an involuntary petition at any time before the case is dismissed or relief ordered. 11 U.S.C. § 303(c). If the joining creditor is qualified, it is treated as if it had been one of the original petitioning creditors. Id.; see also In re Kidwell, 158 B.R. 203, 211 (Bankr.E.D.Cal.1993) ("The straightforward language of the statute permits any number of qualifying creditors to sign onto the petition and be treated as if they had signed the petition before it was filed."). Therefore, we must consider whether Bank of America, Nathaniel Grey, and Bernard Heerey satisfy the three petitioning creditor requirement.
 
 
 9
 The district court held that Bank of America was not the third qualifying petitioning creditor because it holds the same claim for payment as the debenture holders. The district court held that the claims held by Grey, Heerey, and the other debenture holders were extinguished when the indenture trustee joined their involuntary petition. We must decide whether this was a proper interpretation of the Bankruptcy Code.
 
 
 10
 Section 303(b) of the Bankruptcy Code governs who may file an involuntary bankruptcy petition against an alleged debtor. It provides:
 
 
 11
 An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under Chapter 7 or 11 of this title--
 
 
 12
 (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder....
 
 
 13
 11 U.S.C. § 303(b).
 
 
 14
 Thus, each petitioning creditor must be "either a holder of a claim ... or an indenture trustee." The Bankruptcy Code's rules of construction establish that these two categories of petitioning creditors are not mutually exclusive. The Bankruptcy Code provides a rule of construction for the term "or," establishing that "or" is not exclusive. Id. § 102(5); see also 2 L. King, et al. Collier on Bankruptcy p 102.06 at 102-9 (15th ed. 1995) ("[Section 102(5) ] is designed to avoid the result if 'or' were interpreted as indicating a choice between mutually exclusive alternatives."). The presence of the term "either" does not change this meaning.[1] Thus, we conclude that the plain language of the statute allows the three petitioning creditor requirement to be satisfied by a combination of claim holders and indenture trustees.
 
 
 15
 The Code defines "claim" as a "right to payment." 11 U.S.C. § 101(4). Before the joinder of the indenture trustee, Grey and Heerey were holders of claims because the terms of the Federated indenture instrument gave them an absolute and unconditional right to payment.[2] The indenture instrument does not provide that this right to payment is extinguished upon the filing of an involuntary bankruptcy petition or other judicial proceeding by the indenture trustee. See In re Sponsor Realty Corp., 48 F.Supp. 735, 738 (S.D.N.Y.1943) (holding that absent express language showing that the bondholders intended to waive their rights to petition under the existing reorganization statute, the bondholders qualified as petitioning creditors regardless of the trustee). Thus, according to the terms of the indenture instrument, these claims survived the joinder of the indenture trustee.
 
 
 16
 In addition to the appellants, Bank of America represents an unknown number of debenture holders under the terms of the indenture instrument. The plain language of section 303(b) gives Bank of America the right to file or join an involuntary bankruptcy petition on behalf of those debenture holders. Thus, we conclude that the terms of the indenture instrument and the plain language of the statute allow Bank of America as well as Grey and Heerey to file an involuntary petition.
 
 
 17
 Federated cites various cases to support its argument that the joinder of the indenture trustee reduces the number of petitioning creditors to one. We conclude these authorities are distinguishable. In In re McMeekin, 18 B.R. 177, 177-78 (Bankr.D.Mass.1982) and In re McMeekin, 16 B.R. 805, 809 (Bankr.D.Mass.1982), the court held that joint payees on a promissory note do not hold separate claims under section 303(b) because they together have one right of payment which is jointly enforceable. In In re Gilbert, 115 B.R. 458, 461 (Bankr.S.D.N.Y.1990), the court held that a creditor holding three separate claims against a debtor counts as one petitioning creditor, even though the creditor acquired the claims from three separate entities. Grey, Heerey, and the indenture trustee, however, are not joint payees, nor are they one entity holding separate claims. Thus, these cases do not lead to the conclusion that the joinder of the Bank of America extinguishes the claims of Grey and Heerey.
 
 
 18
 Therefore, we conclude that the bankruptcy court erred as a matter of law when it dismissed the appellants' involuntary petition after Bank of America's joinder. Under the terms of the Federated indenture and the plain language of the statute, the joinder of the indenture trustee does not extinguish the claims owned by the debenture holders.[3]
 
 
 19
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 The conjunctive form of "either" is "used as a function word before two or more coordinate words, phrases, or clauses joined usually by or to indicate that what immediately follows is the first of two or more alternatives that are equally applicable or mutually exclusive." Webster's Third New International Dictionary 728 (1976) (emphasis added)
 
 
 [2]
 Section 508 of the Federated Indenture provides:
 Notwithstanding any other provision in this Indenture, the Holder of any Debenture shall have the right, which is absolute and unconditional, to receive payment of the principal of (and premium, if any) and (subject to Section 307) interest on such Debenture ... and to institute suit for the enforcement of any such payment and right to exchange, and such rights shall not be impaired without the consent of such Holder.
 
 
 [3]
 Because of this conclusion, we need not reach the other issues raised by this appeal, namely, whether the bankruptcy court erred when it concluded that Lana Grey was the "alter ego" of her husband Nathaniel or whether the bankruptcy court erred when it failed to require Federated to file a list of its creditors under Bankruptcy Rule 1003(b)