In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 09-2984, 09-2985

IN RE:

MARK RAY and BERWICK BLACK CATTLE CO.,

*Debtors*.

APPEAL OF:

BECKER & POLIAKOFF, P.A.

Appeals from the United States District Court
for the Central District of Illinois.
Nos. 09 CV 1120, 09 CV 1121—**Michael M. Mihm**, *Judge*.

ARGUED JANUARY 22, 2010—DECIDED MARCH 8, 2010

Before RIPPLE and ROVNER, *Circuit Judges*, and ST. EVE,
*District Judge*.[1]

ST. EVE, *District Judge*. Appellant Becker & Poliakoff,
P.A. ("Becker") seeks to appeal from an order of the
district court affirming the bankruptcy court's dismissal
of two Chapter 11 bankruptcy cases. Becker, however,

---

[1] The Honorable Amy J. St. Eve, District Judge for the United
States District Court, Northern District of Illinois, sitting
by designation.

lacks standing to appeal the bankruptcy court's order. Accordingly, the judgment of the district court that Becker had standing to appeal the bankruptcy court's order is vacated.

## I.   FACTUAL BACKGROUND

This appeal arises from the dismissal of the Chapter 11 bankruptcy proceedings of debtors Mark Ray and Berwick Black Cattle Company (collectively, "Debtors"). Appellees Ward Feed Yard, Inc., ILS Financing, Inc. (collectively, "Ward"), and High Plains Credit PCA ("High Plains") (collectively with Ward, "Appellees") are creditors of Debtors. Debtors were in the business of buying, selling and raising cattle. Involuntary Chapter 11 petitions were filed against the Debtors on December 26, 2006. On February 15, 2007, the United States Trustee ("Trustee") appointed an Unofficial and Official Committee of Creditors Holding Unsecured Claims (the "Committee") to represent Debtors' creditors. The Committee retained Becker, a Florida-based law firm, as litigation counsel.

At the outset of the bankruptcy cases, substantially all of Debtors' assets were liquidated in the ordinary course of business. The sale of assets and operations failed to produce sufficient cash proceeds as projected by Debtors, and creditors were left with undersecured or unsecured claims. As permitted by a series of financing orders entered by the bankruptcy court, the Committee filed a series of adversary complaints against High Plains and Ward, which sought recovery of, *inter alia*, alleged preferential and fraudulent transfers. In June 2008, Debtors, the

Committee, Ward and High Plains negotiated an agreed plan for reorganization. On September 23, 2008, the bankruptcy court entered an order denying confirmation of the plan after finding that the general releases provided to High Plains and Ward were overbroad.

Also in September 2008, Becker filed fee applications with the bankruptcy court for the fees, costs and administrative expenses it incurred as counsel to the Committee. Shortly after filing its final fee application, the Becker shareholder who had the primary responsibility for the representation of the Committee, Ivan J. Reich, left Becker and joined the law firm of Gray Robinson, P.A. ("Gray Robinson"). By order dated October 22, 2008, Gray Robinson substituted for Becker as litigation counsel to the Committee.

After denial of the parties' proposed reorganization plan and further failed negotiations, on December 9, 2008, Debtors filed a motion to dismiss the bankruptcy cases for cause pursuant to Section 1112(b) of the Bankruptcy Code due to the continuing diminution of the estate. High Plains and Ward supported the motion to dismiss. On December 11, 2008, the Trustee filed a motion to convert the Debtors' cases to Chapter 7 cases or, in the alternative, to appoint a Chapter 11 trustee. On December 12, 2008, the Committee filed a motion to convert or, alternatively, for appointment of a Chapter 11 trustee. Becker did not file any motions objecting to these submissions to dismiss or to convert the bankruptcy cases.

On December 23, 2008, the bankruptcy court held an omnibus hearing on all pending motions, including the

Debtors' motion to dismiss and the Committee's and Trustee's motions to convert or appoint a Chapter 11 trustee. No attorney from the Becker firm appeared at the hearing. Mr. Reich, counsel to the Committee, appeared for the Committee. During the hearing, the bankruptcy court heard argument from counsel for Debtors, the Committee, the Trustee, Ward, High Plains, and additional creditors. Mr. Reich represented during the hearing that no evidence was necessary to resolve the questions presented to the bankruptcy court regarding dismissal or conversion of the bankruptcy proceedings. No parties objected to this representation.

On January 15, 2009, the bankruptcy court entered an opinion and order dismissing the Debtors' Chapter 11 cases due to the utter insolvency of the estates. On January 26, 2009, Becker filed two emergency motions requesting reconsideration of the bankruptcy court's January 15, 2009 dismissal order. The bankruptcy court denied Becker's motions on January 28, 2009.

On February 5, 2009, Becker filed an appeal with the district court. No other party filed an appeal. Ward and High Plains objected to the appeal and argued that Becker lacked standing to appeal the bankruptcy court's dismissal order. Although Ward and High Plains contended that Becker failed to appear at the hearing or otherwise object to the motion to dismiss filed by Debtors, without addressing the issues of Becker's appearance or objection, the district court concluded that Becker had a pecuniary interest in the bankruptcy court's dismissal order and therefore qualified as a person ag-

grieved with standing to appeal. After finding that Becker had standing to appeal, the district court affirmed the order of the bankruptcy court dismissing the Chapter 11 proceedings. Becker now appeals the dismissal of the Chapter 11 proceedings.

## II. ANALYSIS

Becker contends that the district court erred in affirming the bankruptcy court's dismissal of the Chapter 11 proceedings. Ward and High Plains contend that the district court improperly determined that Becker had standing to appeal the bankruptcy court's dismissal order. Because it is dispositive, we only address the issue of Becker's standing to appeal.

### A. Bankruptcy Standing

Bankruptcy standing is narrower than Article III standing. *In re Stinnett*, 465 F.3d 309, 315 (7th Cir. 2006) (citing *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607-08 (7th Cir. 1998)); *In re Carbide Cutoff, Inc.*, 703 F.2d 259, 264 (7th Cir. 1983). "Only a 'person aggrieved' has standing to appeal an order of the bankruptcy court." *In re Schultz Mfg. & Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992) (citing *In re UNR Indus., Inc.*, 725 F.2d 1111, 1120 (7th Cir. 1984)); *see also In re Carbide Cutoff, Inc.*, 703 F.2d at 264. "Prerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." *Id.* (citing *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1334-35 (9th Cir. 1985)); *see also In re Weston*, 18 F.3d

860, 864 (10th Cir. 1994). These requirements reflect the need for economy and efficiency in the bankruptcy system. *In re Commercial W. Fin. Corp.*, 761 F.2d at 1335. If a party fails to appear at a hearing or object to a motion or proceeding, it cannot expect or implore the bankruptcy court to address the issues raised by the motion or proceeding for a second time. Because "the requirements of due process outweigh those of judicial efficiency," however, these prerequisites are excused "if the objecting party did not receive proper notice of the proceedings below and of his opportunity to object to the action proposed to be taken." *Id.* (internal citations omitted).

In addition to the appearance and objection prerequisites, "[o]nly those persons affected pecuniarily by a bankruptcy order have standing to appeal that order." *In re Stinnett*, 465 F.3d 309, 315 (7th Cir. 2006) (citing *In re Cult Awareness Network, Inc.*, 151 F.3d at 607-08). "[A] person has standing to object to an order if that person can 'demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights.'" *In re Cult Awareness Network*, 151 F.3d at 608 (citing *In re DuPage Boiler Workers, Inc.*, 965 F.2d 296, 297 (7th Cir. 1992) and *In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992)). The purpose of this standard is to insure "'that bankruptcy proceedings are not unreasonably delayed by protracted litigation by allowing only those persons whose interests are directly affected by a bankruptcy order to appeal.'" *Id.* (citing *In re Andreuccetti*, 975 F.2d at 416-17). Indeed, "[c]ourts consistently have noted a public policy

interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate. This goal is achieved primarily by narrowly defining who has standing in a bankruptcy proceeding." *Id.* (citing *In re Richman*, 104 F.3d 654, 656-57 (4th Cir. 1997)).

### B.   Application to Becker

High Plains and Ward contend that Becker does not have standing to appeal from the final judgment entered by the bankruptcy court because Becker failed to appear or object to the requested dismissal and has not established that the dismissal order affected its pecuniary rights. Whether an appellant is a "person aggrieved" is a question of fact, and a district court's ruling is reviewed for clear error. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 585 (7th Cir. 1994).

As an initial matter, Becker contends that, as a result of their failure to file a cross-appeal, High Plains and Ward have not preserved the issue of Becker's standing to appeal. It is well settled that the issue of Article III appellate standing "is not subject to waiver or forfeiture." *See*, *e.g.*, *Freedom from Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)). This appeal, however, presents the question of whether Becker had bankruptcy standing, a form of prudential standing which is more confined than Article III standing, to appeal the bankruptcy

court's order. In *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 747-49 (7th Cir. 2007), we held that nonconstitutional or prudential lack of standing may be waived by a party that fails to timely raise the issue, but that a court may also raise and address a question of prudential standing of its own accord. While we have discretion to deem that Becker and High Plains waived the issue of standing by failing to raise it in the lower court, here we choose to address the issue, a prerequisite to the Court reaching the merits of Becker's appeal.

Becker concedes that appearance and objection are required for bankruptcy standing. Becker submits that it met this requirement through the appearance of attorney Reich, counsel to the Committee, at the omnibus hearing in the bankruptcy court. Mr. Reich, however, never submitted an appearance on behalf of the Becker firm in the bankruptcy court. Moreover, at the omnibus hearing, Mr. Reich introduced himself as "here for the Committee" and never identified himself as representing the Becker firm or any administrative claimant. In fact, the transcript of the omnibus hearing is devoid of any mention of the Becker firm by Mr. Reich or any other party. Furthermore, there is no evidence that Mr. Reich ever informed the bankruptcy court that he was appearing on behalf of Becker.

To support its claim that Mr. Reich represented Becker at the hearing, Becker alleges that it and subsequent counsel to the Committee, Mr. Reich, recognized their unified interest in opposing dismissal. Becker relies on an

affidavit submitted to the district court in which Mr. Reich details his agreement to represent the interests of Becker in the bankruptcy court. Becker also relies on Mr. Reich's affidavit to establish that Mr. Reich represented Becker with respect to a fee application that was noticed for, but not addressed at, the December 23, 2008 hearing. Notwithstanding an undisclosed agreement between Mr. Reich and Becker subsequent to Mr. Reich's departure from the Becker firm, however, the critical issue remains whether there is any evidence in the bankruptcy court record that Mr. Reich filed an appearance on behalf of Becker or informed the bankruptcy court or the parties that Gray Robinson represented Becker with respect to the dismissal order, fee application or otherwise. The record is devoid of any such indication.[2]

Becker's reliance on *In re Record Club of America, Inc.*, 28 B.R. 996, 999 (M.D. Pa. 1983) and *Osborn v. Bank of the United States*, 22 U.S. 738, 6 L.Ed. 204 (1824) for the proposition that there is a presumption that an attorney

---

[2] At oral argument, the Court offered Becker an additional attempt to clarify and identify in the record "when counsel appeared and objected in the bankruptcy court." In addition to responding to this inquiry, in its submission to the Court Becker also presented a novel argument that it did not receive notice of the December 23, 2008 hearing and that therefore the appearance and objection requirements are waived as to Becker. "[A]rguments raised for the first time in oral argument or in supplemental filings are waived," however, and the Court will not consider this untimely argument. *United States v. Bell*, 585 F.3d 1045, 1055 (7th Cir. 2009).

represents the parties he purports to represent is inapposite. The case law cited by Becker, while revealing that evidence beyond an appearance is not necessarily required to demonstrate that an attorney represents a party, does nothing to save Becker's claim. Nothing in the record reveals an appearance on behalf of Becker in the bankruptcy court.

Becker further maintains that an independent appearance was not required for Becker because the Committee's constituency included Becker, a creditor and administrative claimant under the Bankruptcy Code, and the tenor of Mr. Reich's argument at the omnibus hearing reflected that he was advocating on Becker's behalf. The hearing transcript belies this contention. During the omnibus hearing, Mr. Reich never refers to the Becker firm, and while he makes reference to the administrative claimants, Mr. Reich never asserts that he is there to represent those entities. Becker's reasoning is problematic for another reason as well. The Bankruptcy Code prohibits counsel for the Committee from representing "any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b). As Becker itself has recognized, as an administrative claimant its claims are entitled to priority over the claims of the unsecured creditors represented by the Committee. 11 U.S.C. § 507(a)(2). Indeed, Gray Robinson ultimately withdrew as counsel to the Committee when it recognized that its status as an administrative claimant, combined with the fees it incurred while representing the Committee, led to a conflict of interest with the Committee.

We also reject Becker's argument that it directly appeared and objected to the dismissal order by filing two emergency motions for reconsideration in the bankruptcy court. Becker identifies no legal authority to support its contention that the filing of a motion for reconsideration cures a failure to appear or object at an earlier stage in the proceedings. Moreover, given that "[a]rguments raised or developed for the first time in a motion to reconsider are generally deemed forfeited," Becker's motions do not remedy its initial failure to appear and present its objections to the bankruptcy court. *See Pole v. Randolph*, 570 F.3d 922, 938 (7th Cir. 2009) (citing *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004)).

The appearance and notice requirements serve an important purpose to ensure that the parties present the court with all evidence and legal authorities that may aid the court in its decisions. *In re Schwinn Co.*, 209 B.R. 887, 892 (N.D. Ill. 1997). Becker should not be permitted to circumvent this requirement by raising its arguments for the first time only after the bankruptcy court considered and ruled on the motion to dismiss. To permit such a motion to cure the standing problem would undermine the economy and efficiency promoted by the standing requirements in the first place.

Becker's failure to enter an appearance or present its objections to the bankruptcy court precluded it from appealing the dismissal order to the district court. *See In re Schultz*, 956 F.2d at 691 (parties lacked standing to appeal where they failed to enter an appearance in the bankruptcy case or present their objections to a

sale order to the bankruptcy court). The district court accordingly erred in concluding that Becker satisfied the prerequisites for being a "person aggrieved" and had standing to appeal the dismissal order.

## III. CONCLUSION

Because we find that Becker lacks standing, the Court vacates the district court's judgment and remands with instruction to dismiss the appeal for lack of standing.