FILED

**NOT FOR PUBLICATION**

JAN 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALEX WATHEN,<br><br>    Debtor, | No. 09-60043<br><br>BAP No. 08-01340-MoJuH |
| ALEX WATHEN,<br><br>    Appellant,<br><br>  v.<br><br>RICK A. YARNALL, Chapter 13 Trustee,<br><br>    Appellee.,<br><br>_____,<br><br>HAINES & KRIEGER, LLC,<br><br>    −. | ORDER[*] |
| In re: FRANCISCO J. MARTINEZ,<br><br>    Debtor,<br><br>FRANCISCO J. MARTINEZ, | No. 09-60044<br><br>BAP No. 08-1332-MoJuH |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant,

v.

RICK A. YARNALL, Chapter 13 Trustee,

Appellee.,

_____,

HAINES & KRIEGER, LLC,

—.

In re: MELISSA J. STINE,                    No. 09-60045

Debtor,                                     BAP No. 08-1335-MoJuH

MELISSA J. STINE,

Appellant,

v.

RICK A. YARNALL,

Appellee.,

_____,

HAINES & KRIEGER, LLC,

____.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel

Hollowell, Montali, and Jury, Bankruptcy Judges, Presiding

Submitted December 8, 2010[**]
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") decided this case on October 5, 2009. On January 25, 2010, the bankruptcy courts dismissed the bankruptcies of Appellants Alex Wathen and Francisco Martinez for reasons unrelated to this appeal. This court lacks jurisdiction to decide appeals that become moot by the intervening dismissal of the underlying bankruptcy. *See In re Pattullo,* 271 F.3d 898, 901 (9th Cir. 2001). Accordingly, the appeals for Wathen and Martinez are **DISMISSED**.

Additionally, although Appellant Melissa Stine received ample notice of the proceedings before the BAP, she failed to appear and participate in the resolution of that appeal. Under *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1335 (9th Cir. 1985), an appellant lacks standing to challenge a decision rendered without her participation or objection, *see id.* ("attendance and objection" at the prior proceedings are "prerequisites" for standing to appeal). Accordingly, Ms. Stine's appeal is **DISMISSED**.

---

[**]    The panel unanimously concludes this case is suitable for disposition without oral argument. *See* Fed. R. App. P. 34(a)(2).