**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ERIK BENHAM,<br><br>                 Debtor,<br><br>------------------------------<br><br> ERIK BENHAM,<br><br>                 Appellant,<br><br>  v.<br><br>DAVID R. HAGEN, Chapter 7 Trustee,<br><br>                 Appellee. | No. 12-57203<br><br>D.C. No. 2:12-cv-01279-VBF<br><br><br>MEMORANDUM* |

| | |
|---|---|
| In re: MARIA VISTA ESTATES,<br><br>                 Debtor,<br>_____<br><br>ERIK BENHAM,<br><br>                 Appellant,<br><br>  v. | No. 14-56441<br><br>D.C. No. 2:13-cv-05286-VBF |

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JERRY NAMBA, Chapter 7 Trustee; DON FIFE, CPA,

                  Appellees.

---

In re: ERIK BENHAM,

                  Debtor,

_____

ERIK BENHAM,

                  Appellant,

    v.

SEQUOIA EQUITIES, INC.; et al.,

                  Appellees.

No. 14-56705

D.C. No. 2:13-cv-00205-VBF

Appeals from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Erik Benham appeals pro se from the district court's judgment and orders

dismissing for lack of standing Benham's appeals from bankruptcy court orders.

---

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The bankruptcy court dismissed his challenges related to the administration of his bankruptcy estate and the bankruptcy estate of a company he co-owned. We have jurisdiction under 28 U.S.C. § 158(d). We review for clear error the factual finding of whether an appellant is a person aggrieved. *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999). We review the bankruptcy court's decision independently, *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 146 (9th Cir. 1993), and may affirm on any basis supported by the record, *Schneider v. Vennard (In re Apple Computer Sec. Litig.)*, 886 F.2d 1109, 1112 (9th Cir. 1989). We affirm.

In appeal number 12-57203, the bankruptcy court correctly determined that Benham lacked standing to object to the motion seeking approval of a sales agreement to sell assets of Benham's bankruptcy estate because Benham was not a "person aggrieved" by the order. *See Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442-43 (9th Cir. 1983) (a debtor carries the burden to "demonstrate that [he] was directly and adversely affected pecuniarily by the order of the bankruptcy court," and "a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate").

In appeal number 14-56441, the bankruptcy court correctly determined that

Benham lacked standing to object to the trustee's final report and fee application in Maria Vista Estates' bankruptcy proceedings because Benham failed to demonstrate that he was directly and adversely affected by that order. *See id.*

In appeal number 14-56705, dismissal of Benham's adversary proceeding for lack of standing was proper because Benham failed to object to defendants' motions to dismiss and for summary judgment, or appear at the bankruptcy court hearing to resolve those motions, despite being given proper notice of the hearing and an opportunity to object. *See Brady v. Andrew (In re Commercial W. Fin. Corp.)*, 761 F.2d 1329, 1334-35 (9th Cir. 1985) (explaining that attendance and objection are prerequisites to fulfilling the "person aggrieved" standard where the party was given proper notice of the hearing and an opportunity to object). Further, the bankruptcy court did not abuse its discretion by denying Benham's untimely request for an extension of time because Benham failed to establish excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1); *see also In re Dix*, 95 B.R. 134, 136-39 (B.A.P. 9th Cir. 1988) (standard of review and discussing what constitutes excusable neglect).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Benham's motions to file a late reply brief and to file an oversized reply brief, filed on July 8, 2016, are granted.  The Clerk shall file the consolidated reply brief submitted on July 8, 2016.

All other pending motions are denied.

**AFFIRMED.**