**NOT FOR PUBLICATION**

FILED

MAY 18 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: WEST COVINA MOTORS, INC., | No. 15-56621 |
| Debtor, | D.C. No. 2:15-cv-04240-CAS |
| ------------------------------- | |
| FRENCH AUTOMOBILE LLC, | MEMORANDUM* |
| Appellant, | |
| v. | |
| DAVID A. GILL, Chapter 7 Trustee of West Covina Motors, Inc.; COREPOINTE CAPITAL FINANCE LLC; HOWARD M. EHRENBERG, Chapter 7 Trustee for Hassen Imports Partnership; CITY OF WEST COVINA, on its own behalf and as successor to the West Covina Community Development Commission, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, Senior District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 12, 2017[]
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and DONATO,[***] District Judge.

French Automobile LLC appeals from the district court's order dismissing its appeal from the bankruptcy court's order granting the motion by David A. Gill, as Chapter 7 trustee for the estate of West Covina Motors, Inc., for approval of a settlement agreement. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we dismiss the appeal for lack of prudential standing.

1. French Automobile's appeal rests entirely on its claims that the bankruptcy court's order was entered in violation of its due process rights under 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 4001(b) and 7001(2). Because French Automobile had proper notice of the hearing on the trustee's motion and failed to properly raise its due process claims to the bankruptcy court in the first instance in either its written response to the motion or at the subsequent

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

hearing on the motion,[1] French Automobile lacks prudential standing to raise these claims on appeal. *See In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1335 (9th Cir. 1985) (holding that, provided the appellant has proper notice of the bankruptcy court proceeding, "attendance and objection" at the proceeding are "prerequisites to fulfilling the 'person aggrieved' standard").

2.      Even if we declined to dismiss French Automobile's appeal for lack of prudential standing, we would affirm the district court's dismissal of the appeal on grounds of waiver, for the reasons stated above. *See In re Southland Supply, Inc.*, 657 F.2d 1076, 1079 (9th Cir. 1981) (holding that, absent exceptional circumstances, arguments not raised before the bankruptcy court in the first instance are waived).

**DISMISSED.**

---

[1] Because French Automobile's sur-reply filed in response to the trustee's motion was twice stricken from the record by the bankruptcy court under both Local Bankruptcy Rule 9013-1 and Federal Rule of Bankruptcy Procedure 8009(e)(1), and French Automobile has not challenged those rulings on appeal, we do not consider any argument raised in the sur-reply in resolving the present appeal.