FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN THE MATTER OF POINT CENTER
FINANCIAL, INC.,

*Debtor*,

DAN J. HARKEY; ROBIN B. GRAHAM,
as Trustee of the Robin B. Graham
and Celia Allen-Graham Revocable
Trust; CELIA ALLEN-GRAHAM, as
Trustee of the Robin B. Graham and
Celia Allen-Graham Revocable
Trust; RICHARD SCHACHTER,

*Appellants*,

v.

HOWARD B. GROBSTEIN, Chapter 7
Trustee,

*Appellee.*

No. 16-56321

D.C. No.
8:16-cv-01336-
DSF

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted December 5, 2017
Pasadena, California

Filed May 29, 2018

Before:  A. Wallace Tashima and Marsha S. Berzon, Circuit Judges, and Matthew F. Kennelly,[*] District Judge.

Opinion by Judge Kennelly

## SUMMARY[**]

### Bankruptcy

The panel reversed the district court's dismissal for lack of standing of an appeal from a bankruptcy court order that authorized a Chapter 7 trustee to assume the operating agreement of a limited liability company whose interests were implicated in the bankruptcy proceedings.

The district court concluded that the members and original president of the company lacked standing to challenge the bankruptcy court order because, despite receiving adequate notice of the trustee's assumption motion, they did not file an objection or attend the hearing before the bankruptcy court.

Reversing, and agreeing with the Fourth Circuit, the panel held that attendance and objection are not prerequisites for satisfying the "person aggrieved" requirement for prudential standing.  The panel remanded the case to the district court.

---

[*] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Sean A. O'Keefe (argued), O'Keefe & Associates Law Corporation P.C., Irvine, California, for Appellants.

Roye Zur (argued), Landau Gottfried & Berger LLP, Los Angeles, California, for Appellee.

**OPINION**

KENNELLY, District Judge:

Appellants are members and the original president of Dillon Avenue 44, LLC (Dillon), a limited liability company whose interests have been implicated in the bankruptcy proceedings of Point Center Financial, Inc. (PCF). They appealed from a bankruptcy court order that, among other things, authorized PCF's Chapter 7 trustee, Howard B. Grobstein, to assume Dillon's operating agreement long after the deadline for assuming or rejecting executory contracts had passed. The district court dismissed the appeal on the ground that Appellants lacked standing to challenge the bankruptcy court order because, despite receiving adequate notice of the motion, they did not file an objection or attend the hearing before the bankruptcy court. We reverse.

## I. Background

### A. Facts

This appeal arises from an order issued by the bankruptcy court in the bankruptcy proceeding of Point Center Financial, Inc., an originator and servicer of residential and commercial

loans. PCF obtained funding for loans from private investors who would typically receive a fractionalized interest in the loan and in the deed of trust securing the loan. In the event of a default, PCF would initiate foreclosure proceedings against the real property securing the loan. If PCF purchased that property at the foreclosure sale, PCF would create a new limited liability company (LLC) to hold title to the property, and the investors' interests in the loan and foreclosed deed of trust would then be exchanged for membership interests in the LLC, which PCF would manage.

After a borrower defaulted on a PCF-originated loan secured by an undeveloped property in Indio, California, PCF formed Dillon Avenue 44, LLC to hold title to the property. Once Dillon obtained title to the Indio property after foreclosure, the investors who provided the funds for the original loan exchanged their fractional interests in the loan and deed of trust for membership interests in Dillon. Dillon's 2011 operating agreement designated PCF as the manager of the company, and appellant Dan J. Harkey was appointed president. Appellants Robin B. Graham, Celia Allen-Graham, and Richard Schachter all hold membership interests in Dillon.

## B. Procedural history

In February 2013, PCF filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. The proceeding was later converted to a Chapter 7 proceeding. In January 2014, the bankruptcy court entered an order setting February 28, 2014 as the deadline for Grobstein, the Chapter 7 trustee, to assume or reject PCF's remaining executory contracts, which included Dillon's 2011 operating agreement.

Grobstein did not assume Dillon's operating agreement by the February 28, 2014 deadline.

In May 2016, Grobstein filed a motion (the Assumption Motion) asking the bankruptcy court to issue an order (1) authorizing him to exercise management authority over Dillon, so long as a majority of the membership interests in Dillon so voted, (2) authorizing him to assume Dillon's operating agreement backdated to February 2013, and (3) compelling delivery to him of the company's records and property. Grobstein's motion alleged that his failure to assume the operating agreement by the February 2014 deadline was the result of excusable neglect stemming from reliance on deliberate misrepresentations made by appellant Harkey and others. Grobstein provided notice of the motion to Appellants. The notice stated that, pursuant to a local bankruptcy court rule, any response to the motion must be filed and served at least 14 days prior to the hearing date. No one filed an opposition to the motion prior to the hearing.

The bankruptcy court held a hearing on the Assumption Motion on June 21, 2016. Neither Appellants nor counsel for Appellants attended the hearing. At the end of the hearing, the bankruptcy court orally granted the motion, stating that it was unopposed. The transcript of the hearing makes clear that the court contemplated that Grobstein's counsel would draft an order for the court's signature.

On June 28, 2016, evidently having learned that the bankruptcy court had orally granted the Assumption Motion, Appellants filed an emergency motion for reconsideration and sought an expedited hearing on the motion. The bankruptcy court had not yet issued the anticipated written order on the Assumption Motion. On June 29, the bankruptcy court

denied Appellants' application for an order setting a hearing on the emergency motion for reconsideration.  The bankruptcy court stated that it could construe Appellants' failure to file a written opposition to the Assumption Motion as consent to the granting of the motion, but instead it addressed the merits of Appellants' arguments in support of reconsideration.  The court noted that the order on the Assumption Motion had not yet been entered but concluded that Appellants had not shown either that the oral ruling was manifest error or that they were likely to prevail on appeal. Later that day, the bankruptcy court entered a written order (the Assumption Order) granting the Assumption Motion in its entirety.  Appellants filed a timely notice of appeal, stating that they were appealing from the bankruptcy court's order on the Assumption Motion.

Before the district court, Grobstein moved to dismiss the appeal on the ground that Appellants lacked standing to appeal because they did not file an objection to the Assumption Motion or attend the June 2016 hearing on the matter, despite having received adequate notice of the motion. The district court agreed and granted Grobstein's motion to dismiss for lack of standing.

## II.  Discussion

We review a district court's decision on appeal from the bankruptcy court de novo, "applying the same standards applied by the district court, without deference to the district court." *Hughes v. Tower Park Props.* (*In re Tower Park Props., LLC*), 803 F.3d 450, 456 n.5 (9th Cir. 2015) (internal quotation marks and citation omitted).  Standing is an issue of law that we review de novo, while related factual determinations are reviewed for clear error. *Palmdale Hills*

*Prop., LLC v. Lehman Commercial Paper, Inc.* (*In re Palmdale Hills Prop., LLC*), 654 F.3d 868, 873 (9th Cir. 2011).

All circuits, including this one, limit standing to appeal a bankruptcy court order to "person[s] aggrieved" by the order. *See, e.g.*, *Opportunity Fin., LLC v. Kelley*, 822 F.3d 451, 457 (8th Cir. 2016); *Duckor Spradling & Metzger v. Baum Tr.* (*In re P.R.T.C., Inc.*), 177 F.3d 774, 777 (9th Cir. 1999). Under this prudential standing doctrine, only a "person aggrieved," that is, someone who is "directly and adversely affected pecuniarily" by a bankruptcy court's order, has standing to appeal that order. *Fondiller v. Robertson* (*In re Fondiller*), 707 F.2d 441, 443 (9th Cir. 1983). An order that diminishes one's property, increases one's burdens, or detrimentally affects one's rights has a direct and adverse pecuniary effect for bankruptcy standing purposes. *See, e.g.*, *P.R.T.C.*, 177 F.3d at 777.

As we explained in *Fondiller*, this prudential standing requirement "exists to fill the need for an explicit limitation on standing to appeal in bankruptcy proceedings." *Fondiller*, 707 F.2d at 443. Bankruptcy proceedings invariably give rise to disputes that implicate the interests of many different stakeholders, including those who are not formally parties to the litigation. *Id.* Limiting appellate standing to "person[s] aggrieved" by a particular bankruptcy order serves the interests of judicial efficiency. *Id.*; *see also In re Ray,* 597 F.3d 871, 874 (7th Cir. 2010) ("[C]ourts consistently have noted a public policy interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate. This goal is achieved primarily by narrowly defining who has standing in a bankruptcy

proceeding.") (quoting *Cult Awareness Network, Inc. v. Martino* (*In re Cult Awareness Network, Inc.*), 151 F.3d 605, 609 (7th Cir. 1998)).

In the present case, the district court concluded that Appellants' failure to attend the bankruptcy court hearing on the Assumption Motion deprived them of standing to appeal the Assumption Order. The district court relied for this conclusion on *Brady v. Andrew* (*In re Commercial Western Finance Corp.*), 761 F.2d 1329, 1335 (9th Cir. 1985), which stated in dicta that "attendance and objection" at the bankruptcy court proceedings "should usually" be prerequisites to meeting the "person aggrieved" bankruptcy standing rule.

Although a number of unpublished, non-binding opinions in this circuit appear to suggest otherwise,[1] there is no controlling law in this circuit regarding whether a person who has a pecuniary interest affected by a bankruptcy proceeding and received adequate notice of a bankruptcy court hearing, but failed to appear and object, may be found to satisfy the "person aggrieved" requirement for appellate standing. This court's suggestion in *In re Commercial Western Finance Corp.* (*Commercial*) that "attendance and objection should usually be prerequisites to fulfilling the 'person aggrieved' standard" was not a holding and does not bind us. *Commercial*, 761 F.2d at 1335. In *Commercial*, we were presented with the question of whether investors adversely

---

[1] *See French Auto. LLC v. Gill* (*In re W. Covina Motors, Inc.*), 691 F. App'x 362, 362 (9th Cir. 2017); *Benham v. Hagen* (*In re Benham*), 678 F. App'x 474, 476 (9th Cir. 2017); *Wathen v. Yarnall* (*In re Wathen*), 412 F. App'x 13, 14 (9th Cir. 2011); *Marin v. Sanders* (*In re Marinkovic*), 295 F. App'x 153, 154 (9th Cir. 2008).

affected by a bankruptcy court order confirming a particular plan of reorganization could satisfy the "person aggrieved" standing requirement despite having failed to attend the hearing and object to the proposed plan. *Id.* at 1332. We observed that a "leading commentator" supported requiring attendance and objection "as a limitation on the number of people who have standing to appeal" in light of "the need for economy and efficiency in the bankruptcy system." *Id.* at 1335. For that reason, we "agree[d] that attendance and objection should usually be prerequisites to fulfilling the 'person aggrieved' standard." *Id.* (footnote omitted). Nonetheless, we decided the case on different grounds: we held that the investors' failure to appear and object did not defeat their standing to appeal the bankruptcy court order at issue because the trustee had not given them proper notice that the reorganization plan affected their security interests. *Id.*

Our sister circuits that have addressed the issue disagree regarding whether attendance and objection are prerequisites for satisfying the "person aggrieved" standing requirement. *Compare In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992) ("Prerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding.") (citing *Commercial*, 761 F.2d at 1334–35) *with White v. Univision of Va. Inc.* (*In re Urban Broad. Corp.*), 401 F.3d 236, 244 (4th Cir. 2005) (attendance and objection are not requirements for standing to appeal a bankruptcy court order). Courts that have approved of attendance and objection standing prerequisites in dicta or otherwise cite the same considerations of judicial economy and efficiency that underlie the general "person aggrieved" standard. *See, e.g.*, *Ray*, 597 F.3d at 874 ("These requirements reflect the need for economy and efficiency in the bankruptcy system.");

*Commercial*, 761 F.2d at 1335 (support for attendance and objection requirement stems from recognition of "the need for economy and efficiency in the bankruptcy system").

Most procedural rules that serve the interests of judicial economy and efficiency are not rules of standing. Rather, we enforce applicable procedural rules when appropriate, sometimes ruling that failure to comply constitutes forfeiture or waiver. *See, e.g.*, *Cellular 101, Inc. v. Channel Commc'ns, Inc.* (*In re Cellular 101, Inc.*), 539 F.3d 1150, 1154–57 (9th Cir. 2008); *Enewally v. Wash. Mut. Bank* (*In re Enewally*), 368 F.3d 1165, 1173 (9th Cir. 2004); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1949 (2015). We do not automatically toss a litigant out of court for noncompliance with a trial court rule without allowing the litigant to explain why the noncompliance should be excused, caused no harm, or had limited impact.

Bankruptcy standing concerns whether an individual or entity is "aggrieved," not whether one makes that known to the bankruptcy court. In other words, one need not have attended and made objections at the hearing to be directly and adversely affected by a bankruptcy court's decision. We therefore agree with the Fourth Circuit that an appellant's failure to attend and object at a bankruptcy court hearing has no bearing on the question of whether that appellant has standing to appeal a bankruptcy court order:

> [D]efining standing by whether a party waives or forfeits rights to object to claims, . . . misconstrues the standing requirement . . . , that the appellant show that he has been *directly and adversely affected pecuniarily* by the bankruptcy order. Moreover, defining

standing by whether an appellant has objected to an order or attended a hearing conflates basic notions of standing with notions of waiver and forfeiture. Accordingly, we . . . ask only whether [the appellant] was directly and adversely affected pecuniarily by the bankruptcy court's order.

*Urban Broad. Corp.*, 401 F.3d at 244 (emphasis in the original). Failure to attend and object may result in waiver or forfeiture of the right to make certain arguments or object to certain claims, but it does not present a jurisdictional standing issue.

We also note that although Appellants did not attend the hearing on the Assumption Motion, they filed a motion to reconsider with the bankruptcy court *before* it had issued a written order on the motion—a written order that the court expressly contemplated when it made its oral ruling. Appellants laid out their objections to the Assumption Motion and the anticipated order in great detail in that motion to reconsider. Significantly, the bankruptcy court did not deny the motion to reconsider based on Appellants' failure to appear; rather, it addressed their arguments for reconsideration on the merits. Under these circumstances, we find that Appellants have not waived their challenge to the propriety of the underlying Assumption Order, though the question of forfeiture is open for determination on remand. *See Hamer v. Neighborhood Hous. Servs. Of Chi.*, 138 S. Ct. 13, 17 n.1 (2017) ("The terms waiver and forfeiture–though often used interchangeably by jurists and litigants–are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right.") (internal quotation marks

and alterations omitted); *Cadillac Fairview/Ca., Inc. v. United States*, 41 F.3d 562, 565 n.3 (9th Cir. 1994) (issue not raised in opposition to motion for summary judgment was nonetheless properly before the court of appeals where it had been raised in a motion to vacate the grant of summary judgment and the district court rejected it on the merits in an order supplementing its ruling on the summary judgment motion).

Because there is no question that Appellants' pecuniary interests are directly and adversely affected by the bankruptcy court order in question, we reverse the district court's dismissal of the appeal for lack of standing. We therefore remand the case to the district court. *See Mastro v. Rigby*, 764 F.3d 1090, 1097 (9th Cir. 2014) ("When a district court improperly dismisses a bankruptcy appeal without reaching the merits, we generally reverse the district court's dismissal and remand for the district court's consideration of the appeal in the first instance."). On remand, the district court may consider whether Appellants forfeited their opposition to the Assumption Motion and, if so, whether the bankruptcy court's granting of the Motion should be reviewed for plain error. *See Draper v. Rosario*, 836 F.3d 1072, 1085 (9th Cir. 2016) ("In the civil context, plain error review requires: (1) an error, (2) the error is plain or obvious, (3) the error was prejudicial or affects substantial rights, and (4) review is necessary to prevent a miscarriage of justice.") (internal quotation marks and alterations omitted).

### III.    Conclusion

We reverse the district court's dismissal for lack of standing and remand to the district court.

**REVERSED and REMANDED.**