**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL KEITH LARSON, | No. 19-55313 |
| Appellant, | D.C. No. 8:18-cv-01171-MWF |
| v. | |
| PETER KOTE, Trustee of The Gerald R. and Barbara A. Larson Rev. Trust; RICHARD A. MARSHACK, Chapter 7 Trustee, | MEMORANDUM* |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Daniel Keith Larson appeals pro se from the district court's order dismissing his appeal from the bankruptcy court's order granting the chapter 7 trustee's motion to approve compromise.  We have jurisdiction under 28 U.S.C. §§ 158(d)

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 1291. We review de novo a district court's decision on appeal from the bankruptcy court and dismissal for lack of standing. *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 890 F.3d 1188, 1191 (9th Cir. 2018). We affirm.

The district court properly dismissed Larson's appeal for lack of standing because Larson failed to establish that he suffered an injury in fact or that he was personally aggrieved by the bankruptcy court's order granting the chapter 7 trustee's motion to approve a compromise. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." (citation and internal quotation marks omitted)); *In re Point Ctr. Fin.*, 890 F.3d at 1191-92 (discussing required showing for prudential standing to appeal a bankruptcy court order).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**