**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  SHARON HAMILTON,

                Debtor,

------------------------------

SUZANNE CONRY,

                Appellant,

  v.

SHARON HAMILTON; et al.,

                Appellees.

No. 20-60053

BAP No. 20-1037

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Taylor, and Lafferty III, Bankruptcy Judges, Presiding

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Suzanne Conry appeals pro se from the Bankruptcy Appellate Panel's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BAP") judgment affirming the bankruptcy court's order denying her motions for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not err by denying Conry's motions for reconsideration for lack of standing because Conry failed to establish that she was personally aggrieved by the bankruptcy court's order granting the other creditors' motion for relief from the automatic stay. *See Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 890 F.3d 1188, 1191 (9th Cir. 2018) ("[O]nly a person aggrieved, that is, someone who is directly and adversely affected pecuniarily by a bankruptcy court's order, has standing to appeal that order." (citation and internal quotation marks omitted)).

We do not consider the underlying bankruptcy court order granting the other creditors' motion for relief from the automatic stay because the notice of appeal was untimely. *See* Fed. R. Bankr. P. 8002(a)(1) (notice of appeal from a bankruptcy court order must be filed within 14 days after the filing of the order); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the

20-60053

bankruptcy court's order." (citations omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**