**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  MARTIN MUSONGE, | No. 21-60024 |
| Debtor, | BAP No. 20-1060 |
| ------------------------------ | |
| NATHANIEL BASOLA SOBAYO, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| HIEN THI NGUYEN; MARTIN MUSONGE, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Klein, and Taylor, Bankruptcy Judges, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Nathaniel Basola Sobayo appeals pro se from the Bankruptcy Appellate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Panel's ("BAP") judgment dismissing for lack of standing Sobayo's appeal from the bankruptcy court's order granting relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo issues of standing. *Palmdale Hills Prop., LLC v. Lehman Com. Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 654 F.3d 868, 873 (9th Cir. 2011). We affirm.

The BAP properly dismissed Sobayo's appeal because Sobayo, as a creditor, lacked standing to challenge the bankruptcy court's order granting relief from the automatic stay. *See Tilley v. Vucurevich (In re Pecan Groves of Ariz.)*, 951 F.2d 242, 245 (9th Cir. 1991) ("[A] creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay."); *see also Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 890 F.3d 1188, 1191 (9th Cir. 2018) ("[O]nly a person aggrieved, that is, someone who is directly and adversely affected pecuniarily by a bankruptcy court's order, has standing to appeal that order." (internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Nguyen's motion to submit the case for decision without oral argument (Docket Entry No. 18) and Sobayo's motion to exceed the page limit, set forth in the opening brief, are granted. All other pending motions and requests are denied.

**AFFIRMED.**