**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: FARIBORZ ZANJANEE BABAEE;
MALIHE P. BABAEE,

Debtors,

------------------------------

FARIBORZ ZANJANEE BABAEE;
MALIHE P. BABAEE,

Appellants,

v.

RICHARD A. MARSHACK, Chapter 7
Trustee,

Appellee.

No.    22-60022

BAP No. 21-1230

MEMORANDUM*

In re: FARIBORZ ZANJANEE BABAEE;
MALIHE P. BABAEE,

Debtors,

------------------------------

FARIBORZ ZANJANEE BABAEE;
MALIHE P. BABAEE,

No.    22-60023

BAP No. 21-1231

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                    Appellants,

    v.

RICHARD A. MARSHACK, Chapter 7
Trustee,

                    Appellee.
```

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Gan, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted August 24, 2023
Pasadena, California

Before:  RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[**] District Judge.

In January 2020, Fariborz Zanjanee Babaee and Malihe P. Babaee ("Debtors") filed a joint Chapter 7 petition.  The appointed Chapter 7 Trustee, Richard Marshack ("Trustee"), negotiated lien-assignment agreements ("Agreements") with two of Debtors' secured creditors—Comerica Bank ("Comerica") and Valley Economic Development Center, Inc. ("VEDC")—who held liens on Debtors' overencumbered residential property.  In exchange for partial payment from the sale of the property, Comerica and VEDC agreed to: (1) subordinate a portion of their liens to the claims of Trustee and unsecured creditors; (2) transfer those portions to the estate; and (3)

---

[**]  The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

2

consent to the sale of the Debtors' residential property free and clear of their liens. In the process, Debtors' homestead exemption became junior to claims of the Trustee and unsecured creditors.

Debtors challenged the lien assignments, arguing Trustee improperly circumvented their homestead exemption. The bankruptcy court found Trustee acted properly, and Debtors appealed to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"). The BAP found Debtors lacked standing because reversing the Agreements would not allow payment on the homestead exemption. We have jurisdiction under 28 U.S.C. § 158(d)(1), and affirm.

1. Debtors do not have constitutional or prudential standing to challenge the lien assignments. We review the BAP's decision on standing de novo. *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). Constitutional standing requires an injury in fact that is caused by, or fairly traceable to, some conduct, and which the requested relief will likely redress. *Id.* Prudential standing provides that "only a person aggrieved, that is, someone who is directly and adversely affected pecuniarily by a bankruptcy court's order, has standing to appeal that order." *In re Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) (cleaned up).

Debtors contend their injury in fact was the impairment of their homestead exemption. However, Debtors fail to show they would have been eligible to receive

3

their homestead exemption but for the negotiated Agreements. As the BAP noted, the value of the property encumbered by Comerica and VEDC never belonged to Debtors and thus could not be subject to their homestead exemption prior to the execution of the Agreements. California law provides that consensual liens must be paid ahead of homestead exemptions. *See* Cal. Civ. Proc. Code § 704.850; *see also Amin v. Khazindar*, 112 Cal. App. 4th 582, 588 (Cal. 2003) (finding that homestead exemption has no effect on liens created voluntarily by property owners, nor does it have any effect on the claims of creditors secured by liens with priority). Here, the subject property was overencumbered. At oral argument, counsel confirmed Debtors are likely to receive nothing at this point in the bankruptcy proceedings. The same would be true had the Agreements not been executed.

2. The BAP properly concluded that unwinding the Agreements would provide Debtors no redress. Restoring the parties to their original positions would simply return the liens to the original lienholders: Comerica and VEDC. Those creditors would be entitled to payment on the outstanding liens from the sale proceeds. Because the balance of the outstanding lien assignments is worth more than the remaining proceeds held by the Trustee, Debtors would not be eligible for payment on their homestead exemption. Debtors argue, for the first time on appeal, that the severability provisions in the Agreements allow an alternative option for redress. As an initial matter, although we have discretion to consider arguments

4

raised for the first time on appeal, we will only do so under "exceptional circumstances." *In re Am. W. Airlines*, 217 F.3d 1161, 1165 (9th Cir. 2000). Debtors offer no exceptional circumstances that justify consideration of their untimely argument.

Nonetheless, Debtors' proposed alternative is without support. Debtors fail to explain the basis or feasibility of severing portions of the Agreements to which they are not a party. Debtors propose striking specific sentences in certain sections, effectively rewriting the Agreements, and ignore a clause in the severability provisions that states deletion cannot "violate the obvious primary purpose and intent of the Parties." Debtors cannot prove Trustee's actions caused them injury in fact, or that a viable option for redress is available to them.

**AFFIRMED.**