**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARK TECHNOLOGIES CORPORATION, | No. 21-56216 |
| Debtor. | D.C. No. 5:21-cv-01160-PA |
| _____ | |
| MARK G. JONES, | MEMORANDUM* |
| Appellant, | |
| v. | |
| HELEN RYAN FRAZER, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 20, 2024**
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Mark G. Jones appeals the district court's order dismissing his bankruptcy appeal and affirming the bankruptcy court's order granting the Chapter 7 Trustee's Final Application Allowing Payment of Fees and Expenses of Trustee and Professionals ("Final Fee Order"). We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm.

The district court concluded that Jones does not have standing to appeal the Final Fee Order under the "persons aggrieved" doctrine because Jones does not have a pecuniary interest in the Final Fee Order. We review the factual determination that an individual is a person aggrieved for clear error. *See Matter of E. Coast Foods, Inc.*, 80 F.4th 901, 905 (9th Cir. 2023).

The district court did not err in concluding that Jones lacks standing to appeal the Final Fee Order. We have long held that only someone who is "directly and adversely affected pecuniarily" by a bankruptcy court's order has standing to appeal that order. *Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) (citing *Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)). We have also held that "a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate." *Matter of Fondiller*, 707 F.2d at 442.

As the district court explained, the debtor in this case is "hopelessly insolvent" and therefore would not have standing to appeal the Final Fee Order. This is because the debtor's bankruptcy estate had secured scheduled claims of

2

$24,962,169.91, unsecured scheduled claims of $8,483,370.91, and gross receipts of just $3,732,972.26. Because the debtor itself lacks standing to challenge the Final Fee Order, the district court correctly concluded that Jones, who is an indirect owner of the debtor, also lacks a direct pecuniary interest and therefore lacks standing to challenge the order. *See id.*[1]

**AFFIRMED.**

---

[1] Because we conclude that Jones does not have standing to pursue this appeal, we do not reach the Trustee's alternative argument that this appeal is equitably moot. *See Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014).