NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: PETER SZANTO,

Debtor.

_____

PETER SZANTO,

Appellant,

v.

CANDACE AMBORN, Chapter 7 Trustee,

Appellee.

No.   22-35207

D.C. No. 3:18-cv-01841-SI
District of Oregon,
Portland

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Court Judge

Submitted May 1, 2024[**]

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Peter Szanto appeals pro se from the District Court's judgment affirming the Bankruptcy Court's default judgment against Yankee Trust in an Adversary Proceeding. We review the District Court's decision on appeal from the Bankruptcy Court de novo, applying the same standards applied by the district court, without deference to the district court. *In re Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018). In particular, standing is an issue of law which we review do de novo. *In re Palmdale Hills Prop.*, LLC, 654 F.3d 868, 873 (9th Cir. 2011).

The District Court held that Szanto lacks standing to bring this appeal. We affirm.

A pro se litigant who is not a licensed attorney cannot represent a business entity in federal court. *Rowland v. California Men's Colony*, 506 U.S. 194, 195 (1993) (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"). Szanto is not a licensed attorney, therefore he cannot bring this appeal as a representative of Yankee Trust, a business entity.

Szanto also lacks personal standing to appeal, as he is not personally aggrieved by the Bankruptcy Court's judgment. *See In re Point Ctr. Fin., Inc.*, 890 F.3d at 1191 ("All circuits, including this one, limit standing to appeal a bankruptcy court order to persons aggrieved by the order.").

Szanto's Opening Brief makes it clear that he is not an aggrieved person. He

asserts that he has "neither ownership nor interest nor potential for personal profit" from Yankee Trust, and that he "had no ownership interest in the Yankee Trust at any time." Szanto claims that he was never intended to be a beneficiary of Yankee Trust, which was instead intended to provide "perpetual income to [Szanto's] wife and children… without interference, meddling, intrusion or bossiness from [Szanto]."

**AFFIRMED.**